142 P.2d 550

STATE v. PHIPPS.

No. 4783.

Supreme Court of New Mexico.

Oct. 21, 1943.

Caswell S. Neal, of Carlsbad, and O. O. Askren, of Roswell, for appellant.

Edward P. Chase, Atty. Gen., and Harry L. Bigbee, Asst. Atty. Gen., for appellee.

THREET, Justice.

Appellant was convicted of violating 1941 Comp., Sec. 41-3909, pursuant to an information which reads as follows: "That W. B. Phipps on the 22nd day of August, 1942, A. D., in the County of Eddy, State of New Mexico, did unlawfully commit the crime of having a female minor, one Mary Lois Stephens, in his possession for evil purposes, to-wit: sexual intercourse, the said Mary Lois Stephens being then and there under the care and control of her parents, J. T. Stephens."

At the close of the State's case in chief, appellant moved for a directed verdict. This motion was denied by the trial court and appellant assigns the following error: "The court erred in refusing to direct a verdict of not guilty for the reason that evidence introduced on the part of the State is insufficient to sustain a conviction of the offense charged to-wit: possession of a female minor for evil purposes to-wit, sexual intercourse, but conclusively shows possession for a purpose other than sexual intercourse as charged in the information."

A review of the evidence will not be necessary as the error, in overruling appellant's motion, if any, was waived by the introduction of evidence on behalf of appellant and a failure to renew the motion at the close of the whole case. State v. Analla et al., 34 N.M. 22, 276 P. 291; State v. Stewart, 34 N.M. 65, 277 P. 22; State v. Kimbell et al., 35 N.M. 101, 290 P. 792; State v. White et al., 37 N.M. 121, 19 P.2d 192; State v. Turney, 41 N.M. 150, 65 P.2d 869; and State v. Vargas, 42 N.M. 1, 74 P.2d 62.

The denial of appellant's motion for a directed verdict is the sole error assigned. The application of the foregoing rule would be sufficient to dispose of this appeal, but since the State does not invoke it, and both parties seek a review of the question of the sufficiency of the evidence to sustain a conviction of the offense charged, we proceed to a consideration of that question. The gist of appellant's objection to the judgment of conviction is that it rests on a verdict without adequate proof of the exact charge brought against him.

The point urged by the appellant does not seek so much a review of the evidence as it does an application of the statute to the undisputed facts in the light of the charge made. The charge was that the appellant had the prosecuting witness, a female minor, in his possession for evil purposes, to-wit: sexual intercourse. Appellant argues that since the prosecuting witness, herself, testified that, although numerous opportunities existed, sexual intercourse never took place, that this accepted fact removes room for any infer-

ence that the intent and purpose of the appellant was to have sexual intercourse with her as charged in the information.

In this, appellant is in error. The gravamen of the offense, as charged, is the evil purpose and intent of the possession of the female minor. The offense, if committed at all, is complete the moment the accused having the female minor in his possession forms the evil intent and purpose of sexual intercourse, whether such sexual intercourse ever takes place or not. Subsequent acts of sexual intercourse are only important as affording the most reliable means of forming a correct conclusion with the respect to the original purpose and intention of the appellant. Proof that sexual intercourse actually took place is not necessary in order to sustain a conviction under the statute. State v. Tucker, 72 Kan. 481, 84 P. 126; State v. Knost, 207 Mo. 18, 105 S.W. 616; State v. Bobbst, 131 Mo. 328, 32 S.W. 1149; State v. Gibson, 111 Mo. 92, 19 S.W. 980; Slocum v. People, 90 Ill. 274, 282; Henderson v. People, 124 Ill. 607, 614, 17 N.E. 68, 7 Am.St.Rep. 391; State v. Bussey, 58 Kan. 679, 50 P. 891; and State v. Clark, 125 Kan. 791, 266 P. 37.

Proof of what the appellant actually did is more important on his intent and purpose than the failure to show subsequent acts of sexual intercourse, as this is not essential to the commission of the offense. It is only evidence thereof. Several things could have intervened to have prevented the appellant from accomplishing the act.

He might have been captured while he was in bed with the prosecuting witness, pursuing his evil purpose, but before actually despoiling her. Could it be said that these facts and circumstances would not have been sufficient to show his intent and purpose? Would this not be sufficient to establish the crime? Of this there can be no doubt. In fact, the only excuse offered as to why appellant did not have sexual intercourse with the prosecuting witness is that he did not want to hurt her.

While the prosecuting witness testified that the act of sexual intercourse never took place, yet, in face of this assertion, any one reading the record might well come to a different conclusion. And if the jury, who saw the witnesses and heard the testimony, came to a like conclusion, even though this involves rejecting the truth of some of the state's testimony, we can not say that this was error. State v. Smith, 26 N.M. 482, 194 P. 869; State v. Trujillo, 27 N.M. 594, 203 P. 846; State v. Greenlee, 33 N.M. 449, 269 P. 331.

The evidence shows that the appellant went to the room of the prosecuting witness, late at night, on several occasions. He removed his shoes, unbuttoned his pants, got in bed with the prosecuting witness, and there engaged in various lascivious activities with her, neither in keeping with a platonic attitude nor his calling in life.

In State v. Tucker, supra [72 Kan. 481, 84 P. 129], the court said: "There was no

direct evidence that sexual intercourse ever took place between the defendant and Minnie Bishop. It is suggested that they may have occupied the room and bed at the hotel together for economical reasons. * * * The legal rule for the solution of questions of this kind has been the same for centuries, and is likely to continue unchanged until a decided improvement occurs in human nature. An eminent writer upon the law of Evidence used language many years ago which seems peculiarly pertinent to this case. He said: 'It is physically possible for a man and woman in good health, not married to each other, to remain over night locked in a room together, and occupy the same bed, naked, and not have sexual intercourse; but the law does not proceed on any such a supposition.' It is safe to assume that human nature at the present time is very much the same as when the above statement was written. The jury were evidently of the opinion that the same results followed from the situation at the hotel in Albuquerque that usually transpire under the same circumstances elsewhere. We cannot say that such conclusion is erroneous."

Finding no error, the judgment will be affirmed, and it is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and BRICE, JJ., concur.