174 P.2d 564

## McDONALD v. SENN.

### No. 4967.

Supreme Court of New Mexico.

Nov. 22, 1946.

E. E. Young, of Roswell, for appellant.

Frazier & Quantius, of Roswell, for appellee.

BRICE, Justice.

This action was brought by plaintiff (appellee) to recover damages for injuries to him, alleged to have been inflicted by defendant in the negligent operation of her automobile. The case was tried to a jury which returned a verdict for $3521.11. The defendant has appealed from a judgment entered in that amount. The only error assigned is as follows: "The court erred in denying defendant's motion for an instructed verdict at the close of plaintiff's case." After the plaintiff closed his case, the defendant introduced evidence in her behalf.

It has been held by this court in a number of cases that where a motion is made for an instructed verdict at the close of the plaintiff's case (as in this case), and defendant fails to renew the motion at the close of the whole case, any error made by the court in overruling such motion is waived. State v. Phipps, 47 N.M. 316, 142 P.2d 550, 551, citing a number of cases decided by this court so holding. The defendant has invoked this rule, and asserts that as the error assigned was waived, there is nothing before this court for consideration. We stated in the Phipps case:

"The denial of appellant's motion for a directed verdict is the sole error assigned. The application of the foregoing rule would be sufficient to dispose of this appeal, but since the State does not invoke it, and both parties seek a review of the question of the sufficiency of the evidence to sustain a conviction of the offense charged, we proceed to a consideration of that question."

The testimony in the Phipps case was reviewed by this court because the State did not invoke the rule, and both parties sought a consideration of the facts. But here the appellee has invoked the rule. We agree

with appellee that if the trial court erred in overruling defendant's motion for an instructed verdict, the error was waived, and the judgment of the district court should be affirmed.

Notwithstanding our conclusion stated, the testimony has been read and we find in it substantial evidence that supports the judgment.

The judgment of the district court is affirmed, and it is so ordered.

SADLER, C. J., and BICKLEY, LUJAN, and HUDSPETH, JJ., concur.