428 P.2d 647

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Monroe McAFEE, Defendant-Appellant.**
**No. 8111.**

Supreme Court of New Mexico.
June 12, 1967.

Milford D. Estill, J. S. McCall, Carlsbad, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Paul J. Lacy, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

The issues are: (1) sufficiency of the evidence, (2) failure to instruct, (3) the sentence imposed and (4) rights under the Fifth and Sixth Amendments to the United States Constitution.

A window in a jewelry store was broken with a rock and boxes containing rings were taken from the window. A jury convicted defendant of burglary (§ 40A–16–3, N.M. S.A.1953) and larceny of property valued in excess of $100.00 (§ 40A–16–1, N.M.S.A. 1953).

Defendant contends that the evidence is insufficient to sustain a conviction. He attacks the evidence which identifies de-

fendant as the person who broke the window and took the merchandise.

Mr. Chandler, an employee sleeping in the jewelry store, was awakened by the sound of the breaking glass. He observed a person carry the boxes containing rings to a car, return to the window and place his hand inside, at which time Mr. Chandler threw some broken glass at the person. Several times during his testimony, Mr. Chandler identified the defendant as that person and gave his reasons for the identification.

Defendant does not object to the admission of Mr. Chandler's testimony; rather, he attacks its credibility. The attack on credibility is based on the fact that Mr. Chandler observed the defendant in a police line-up on three occasions before making positive identification. Mr. Chandler explained this delay on the basis that he wanted to be sure of his identification.

Mr. R. C. Robison testified that on the night of the occurrence defendant " * * * told me he was going to hit a jewelry store * * * ", that at defendant's request he handed him a large rock, that he was scared, refused to participate and got out of the car. The vehicle observed at the scene was Robison's. Mr. Robison testified that later, defendant picked him up alongside the highway, informed him that he had some jewelry and that he had been seen by a man in the store. Mr. Robison removed the rings from the boxes and threw the boxes alongside the highway at defendant's direction. Subsequently, the rings were recovered from the ground alongside the highway at the point where the car, containing Robison and defendant, was stopped by officers. After the arrest, Mr. Robison directed officers to the place where the empty boxes were found.

While not objecting to the admissibility of Mr. Robison's testimony, defendant contends that it is incredible in three particulars: (1) in securing the rock after being informed it was to be used in breaking a jewelry store window, (2) in loaning defendant his car, knowing defendant's in-

tention and (3) although defendant testified he was scared, he went to sleep in the car after defendant picked him up.

▉▉▉. This attack on the credibility of the witnesses Chandler and Robison asks us to weigh the testimony. It was for the jury to determine the weight to be given the testimony, State v. Turnbow, 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461 (1960); Apodaca v. Baca, 73 N.M. 104, 385 P.2d 963 (1963), and determine the credibility of the witnesses, State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); Chavez v. United States, 258 F.2d 816 (10th Cir. 1958). We do not consider the weight of the evidence on appeal, rather we determine whether there was substantial evidence to support the verdict. Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962); State v. Fields, 74 N.M. 559, 395 P.2d 908 (1964). In determining whether the evidence is substantial, the evidence is viewed in the light most favorable to the State, resolving conflicts and indulging all permissible inferences in favor of the verdict. State v. Crouch, 75 N.M. 533, 407 P.2d 671 (1965).

▉▉▉ So viewed, reasonable minds might accept the evidence of Mr. Chandler and Mr. Robison as adequate to support a conclusion that defendant was the person who broke the window and took the merchandise. Their evidence was substantial. Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625, opinion issued May 8, 1967.

▉▉▉ Defendant contends the trial court erred in failing to give an instruction admonishing the jury to view the testimony of the witness Robison with suspicion and to receive it with caution. If Robison was an accomplice, a point we do not decide, such an instruction would have been proper. State v. Turnbow, supra. However, defendant had no objection to the instructions given, and did not tender an instruction concerning Mr. Robison's testimony. He failed to comply with § 21-1-1(51) (g), N.M.S.A. 1953, the applicable portion of which is now § 21-1-1(51) (2) (h), N.M.

S.A. 1953. The claimed error not having been preserved, it is not before us for review. State v. Roybal, 76 N.M. 337, 414 P.2d 850 (1966); State v. Compton, 57 N.M. 227, 257 P.2d 915 (1953).

Defendant was sentenced to a term in the penitentiary for each of the offenses, with the sentences to be consecutive. He contends that both crimes arose out of the same transaction, were committed as part of a continuous act and were inspired by the same criminal intent. On this basis he asserts the two crimes are susceptible of only one punishment. This contention is taken from language used in State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966); and State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961).

▉▉▉ New Mexico Constitution Article II, § 15 provides that no person shall be twice put in jeopardy for the same offense. This provision applies to prevent a person from being punished twice for the same offense. State v. Quintana, supra.

The problem arises in determining whether there has been more than one offense. See State v. Allen, 59 N.M. 139, 280 P.2d 298 (1955); State v. Quintana, supra; State v. Montano, 69 N.M. 332, 367 P.2d 95 (1961); State v. Blackwell, supra; State v. Martinez, 77 N.M. 745, 427 P.2d 260, opinion issued May 8, 1967. In Quintana it was held that grand larceny was not a separate and distinct offense from armed robbery; rather, the offense of grand larceny merged with the offense of armed robbery. In Blackwell, assault with intent to rape merged with the rape so that only one punishment could be imposed.

State v. Quintana, supra, states that the rule for determining a merger is set forth in Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A.2d 920 (1941). That opinion states:

"* * * The true test of whether one criminal offense has merged in another * * * is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves

both assault and larceny. \* \* \* If a defendant commits a burglary and while in the burglarized dwelling he commits the crimes of rape or kidnapping, his crimes do not merge, for neither of them is necessarily involved in the other. When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for *both*. \* \* \*"

Both the Blackwell and Quintana decisions recognize this test; the language used in both decisions was in application of this test. Under this test the Ashe decision approved separate sentences, to be served consecutively, for (1) breaking and entering with intent to commit a felony and (2) bank robbery and larceny.

Does larceny necessarily involve burglary, or is it a separate and distinct offense?

Section 40A–16–1, N.M.S.A.1953, defines larceny as follows:

"Larceny consists of the stealing of anything of value which belongs to another."

Section 40A–16–3, N.M.S.A.1953, provides:

"Burglary consists of the unauthorized entry of any \* \* \* structure \* \* \* with the intent to commit any felony or theft therein."

■ The crime of burglary is complete when there is an unauthorized entry with the necessary intent; the intent does not have to be carried out after entry. State v. Ocanas, 61 N.M. 484, 303 P.2d 390 (1956); 2 Wharton's Criminal Law and Procedure § 410; Williams v. State, 205 Md. 470, 109 A.2d 89 (1954); State v. Farris, 243 S.W.2d 983 (Mo.1951).

■ Since stealing is a necessary element of larceny but is not a necessary element of burglary, larceny is not necessarily involved in a burglary. The elements of these two statutory crimes are not the same. They do not merge. Defendant could be convicted of and sentenced for both crimes. Williams v. State, supra; State v. Byra, 128 N.J.L. 429, 26 A.2d 702 (1942); Johnson v. State, 126 Tex.Cr.R. 466, 72

S.W.2d 288 (1934); Tungate v. State, 238 Ind. 48, 147 N.E.2d 232 (1958).

Defendant contends that police officers interrogated him without benefit or advice of counsel and that the State attempted to impeach his testimony by showing prior inconsistent statements made to officers. He claims a violation of his constitutional rights under the Fifth and Sixth Amendments to the Constitution of the United States, specifically the privilege against self-incrimination and the right to counsel. He relies on Escobedo v. State of Illinois, 378 U.S. 478 84 S.Ct. 1758, 12 L.Ed.2d 977, (1964); and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, (1966).

■ This case was tried December 15, 1965. Miranda is not applicable; it applies only to cases tried after June 13, 1966. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772 16 L.Ed.2d 882, (1966).

In presenting its case, the State did not rely on any statement of the defendant. Defendant testified in his own defense.

On direct examination he testified that he made no statements and had not been questioned concerning the crimes. He also testified that he had not been asked if he wished to talk to a lawyer.

On cross-examination he admitted that officers asked him "\* \* \* if [he] got it \* \* \*", that he replied in the negative and offered to take a polygraph test. He testified that officers informed him that he didn't need to tell them anything, that his answers weren't needed. He testified that he hitch-hiked a ride from the witness Robison, denied that Mr. Robison picked him up on the road between Artesia and Lovington and stated that Robison picked him up in Roswell.

Officer Wheeler, as a rebuttal witness, testified that defendant was advised of his right to an attorney and that anything defendant said could be used against him in a court of law. He testified that defendant was asked what he had been doing on the

night of the crime, that defendant said he had been hitch-hiking between Artesia and Lovington when Mr. Robison picked him up.

The Escobedo decision held that defendant's confession was not admissible against him because the circumstances under which the confession was obtained violated defendant's right to counsel.

Here, there was no claim of prolonged interrogation and no confession is involved. Defendant's conversation with the officers occurred after he was arrested for burglary and " * * * when they was bringing us over here. * * *" (from Lovington to Carlsbad). It occurred when he did not have an attorney; the evidence is conflicting as to whether he had been advised of his right to a lawyer. Defendant admits that he was told that he didn't need to say anything.

The only aspect of the testimony which might be considered self-incriminating is the testimony concerning the place where defendant was hitch-hiking. It is doubtful that it was self-incriminating. See 8 Wigmore, Evidence § 2260 (McNaughton rev. 1961). Even if it could be considered self-incriminating, and even if its admission as rebuttal testimony for impeachment purposes is of no consequence, a point we do not decide, but cf. State v. Gonzales, 77 N.M. 583, 425 P.2d 810 (1967), the circumstances are far different from those in Escobedo.

In United States v. Gorman, 355 F.2d 151 (2nd Cir. 1965), cert denied, 384 U.S. 1024, 86 S.Ct.1962, 16 L.Ed.2d 1027, a detective briefly questioned the defendant after his arrest and without warning him that he need not respond and could seek the advice of counsel. The circumstances of that case were held not to deny the right to counsel guaranteed by the Sixth Amendment or to violate his constitutional privilege against self-incrimination. There it was said:

"* * * We see no reason for straining to find a *per se* compulsion, irrespective of actual facts, as to all statements made while under arrest or detention."

See United States v. Robinson, 354 F.2d 109 (2nd Cir. 1965); United States v. Cone, 354 F.2d 119 (2nd Cir. 1965).

 There is no claim that the officers compelled defendant to make the hitch-hiking statement. The setting in which the statement was made does not demonstrate compulsion per se. The circumstances of this case did not violate defendant's privilege against self-incrimination and did not amount to a denial of his right to counsel guaranteed by the Sixth Amendment.

The judgment is affirmed.

It is so ordered.

NOBLE, and COMPTON, JJ., concur.