431 P.2d 62

STATE of New Mexico, Plaintiff-Appellee,

v.

Robert R. SALAZAR, Defendant-Appellant.

No. 8354.

Supreme Court of New Mexico.

Aug. 28, 1967.

Joseph A. Roberts, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

MOISE, Justice.

Defendant-appellant, Robert R. Salazar, was charged and convicted of robbery (§ 40A–16–2, N.M.S.A.1953). He sets forth two points relied on for reversal which he argues together, both are based upon his position that (1) there is an absence of substantial evidence to support a verdict of guilty, and (2) that the submitting of the case to the jury constituted fundamental error.

There is little dispute about the facts which we recount as follows: Salazar and two companions were experiencing difficulties with their car and, for the purpose of repairs, they pulled into a service station at a relatively high speed, knocking over a display rack. An argument ensued between the three occupants of the car and the station attendant, wherein blows were struck. The attendant pulled a gun and shot defendant Salazar. Salazar fell to the pavement, whereupon his companions placed him in the driver's seat of his car. The two companions then got two tires from the station; placed them in the back seat of the car, which act required throwing them past defendant's head; got in; turned on the ignition, and the car was then moved some twenty feet, when it stalled. The police arrived at about the same time. Salazar's condition shortly after the accident was described as being "very sick," and unable to talk, although conscious. He was subsequently confined to the hospital for ten days.

The State does not contend, nor does it appear, that Salazar and his companions entered the station with any thought or intention of committing a crime. Rather, the thrust of the State's argument seems to be that Salazar participated in the robbery by (1) his silent acquiescence; (2) his attempt to drive off, with knowledge that the tires had been thrown into the back of the car; and (3) that the question of substantial evidence not having been presented to the trial court, it cannot be raised here for the first time, under the doctrine of State v. Nuttall, 51 N.M. 196, 181 P.2d 808 (1941).

As we view the facts of this case, the acts relating to the alleged robbery commenced after Salazar had been shot and placed in his car and he did not per-

sonally take anything from the immediate control of the attendant by the use or threatened use of force or violence. Therefore, if Salazar committed the crime of robbery, it was as an accessory, or as an aider and abettor, although the consequences would be the same as if he were a principal. §§ 40A–1–14 and 41–6–34, N.M.S.A. 1953. Likewise, this conviction can stand only if the record supports a conclusion that Salazar shared the criminal intent and purpose of the principals. Of course, mere presence without some outward manifestation of approval is insufficient. State v. Johnson, 57 N.M. 716, 263 P.2d 282 (1953); State v. Ochoa, 41 N.M. 589, 72 P.2d 609 (1937); State v. Hernandez, 36 N.M. 35, 7 P.2d 930 (1931); Territory v. Lucero, 8 N.M. 543, 46 P. 18 (1896). In State v. Ochoa, supra, at 41 N.M. 599, 72 P.2d 615, we said:

> "* * * The evidence of aiding and abetting may be as broad and varied as are the means of communicating thought from one individual to another; by acts, conduct, words, signs, or by any means sufficient to incite, encourage or instigate commission of the offense or calculated to make known that commission of an offense already undertaken has the aider's support or approval. State v. Wilson, supra [39 N.M. 284, 46 P.2d 57]. Mere presence, of course, and even mental approbation, if unaccompanied by outward manifestation or expression of such approval, is insufficient. Territory v. Lucero, supra; State v. Hernandez, 36 N.M. 35, 7 P.(2d) 930.

> "Before an accused may become liable as an aider and abettor, he must share the criminal intent of the principal. There must be community of purpose, partnership in the unlawful undertaking."

There is a total absence of any evidence in this case to support a conclusion that Salazar in any way participated in the act of taking the tires. The above cited cases hold that more than mere presence without some outward manifestation is required. The claim that Salazar attempted to drive away lends no support to the State. The testimony is clear that one of the companions, not Salazar, started the car and that it moved only some twenty feet; and the testimony concerning his physical condition at that time indicates that he was incapable of purposefully doing much of anything.

The State asserts that this is not a proper case for the application of the doctrine of fundamental error. We disagree. We held, in State v. Garcia, 19 N.M. 414, 421, 143 P. 1012, 1014 (1914), that where there is a total absence of evidence to support a conviction as well as evidence of an exculpatory nature, this court has a duty to see that substantial justice is done. Also, see State v. Armijo, 35 N.M. 533, 2 P.2d 1075 (1931). We feel that this case calls for the application of that doctrine. Not only was there an absence of any evidence of participation by Salazar, as that term is defined in State v. Ochoa, supra, but the record is replete with evidence suggesting he was incapable of performing any act or forming the requisite criminal intent. Under the facts here, we may properly consider whether substantial evidence to support a finding of guilt is present. State v. Nuttall, supra. As announced in State v. Armijo, supra, this court is "not deprived of the power or relieved of the duty to prevent a plain miscarriage of justice."

The judgment will be reversed, and the cause remanded to the district court with instructions to discharge the defendant.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.