435 P.2d 216

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Leo TORRES, Defendant-Appellant.**

**No. 80.**

Court of Appeals of New Mexico.

Dec. 1, 1967.

L. Lamar Parrish, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Robert L. Woodward, Asst. Atty. Gen., Santa Fe, for appellee

## OPINION

OMAN, Judge.

Defendant was charged with burglary. He has appealed from a conviction, entered upon a verdict of guilty. Although he has set forth two points relied upon for reversal, they are both admittedly predicated upon the issue of whether or not the verdict is supported by substantial evidence. Briefly the state's evidence clearly supports the following:

1) Between 8:00 and 8:15 a.m. on Monday, October 10, 1966, an employee of the service station which was burglarized arrived to open for business. Before opening he made some telephone calls to a doctor and a dentist for appointments. As he was making the second call he saw a car drive into the exit end of an alley to the rear of the station.

2) He went to see if it was someone wanting service. As he walked by the battery room, which he had locked at the time of closing on the preceding Saturday evening and the keys to which were in his possession, he noticed the door to this room was open.

3) Two men were coming from the room carrying batteries toward the car. He called for them to stop. About this time a third man placed a battery in the trunk of the car. Another of the three placed the battery he was carrying in the trunk and the third man set the battery he was carrying down in the alley.

4) One of the men slammed the trunk lid closed, but not before the employee passed by the trunk and noticed that it con-

tained some batteries of the kind handled by the station.

5) The employee went toward the driver's side of the automobile with the intention of seizing the ignition key. However, the three men jumped in the car and started off. The employee reached through the left front window and grabbed the driver around the neck, but the car and the occupants managed to get away.

6) The employee identified the vehicle by the make, model, color, and nature of the seat covers. When the vehicle was about half a block away he undertook to get the license numbers, and he thought they were 1–3481.

7) He furnished the police with a description of the vehicle and license number, and also furnished them with a general description of the three men. He saw only the driver's face.

8) At about 11:17 a.m. on the same day, an Albuquerque police officer received a call to investigate an accident. When he arrived at the accident scene he found one of the vehicles involved answered the description furnished by the station employee. The license numbers on the car were 1–8461, rather than 1–3481.

Defendant was the driver of this vehicle and was alone when the officer arrived.

9) The officer looked in the automobile, but there were no batteries and he saw nothing to evidence that batteries had been hauled in it.

10) Defendant was placed under arrest because he was unable to produce a driver's license and because the descriptions of the automobile and defendant fitted the descriptions furnished by the station employee.

11) It was determined that six batteries were missing, and that entry to the battery room had been gained by prying the lock open.

12) At about 1:00 p.m. on the same day, the employee identified defendant from a lineup of approximately six persons as the driver of the automobile and as one of the three persons he had seen with the batteries.

He stated that he was not absolutely positive of the identification, but that he "was almost certain", or was "reasonably certain." At the trial he identified defendant.

13) He also went to a lot where the automobile had been taken after the accident, and positively identified it as the vehicle into which the batteries had been loaded and in which the three men had made their escape.

Defendant testified in his own defense and admitted:

1) That this was his vehicle which he was driving at the time of the accident, and that it had been in his possession from the time he left home at 7:30 a.m. until the time of the accident.

2) That two other persons were riding with him at the time of the accident, but that they ran. He claims that he does not know who they were, because he had just picked them up a short time before the accident.

The defense was that of alibi. Defendant claimed that he was at a place some distance from the service station seeking work. He produced a witness with whom he had previously worked who confirmed his story in this regard.

■ We are of the opinion that the evidence supports the verdict, and in particular that it supports the identification of the defendant as one of the three men who loaded the batteries into the car and then drove off.

■ It is for the jury, and not for us, to determine the credibility of the witnesses and the weight to be given their testimony. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Buchanan, 76 N.M. 141, 412 P.2d 565 (1966); Wilcoxon v. United States, 231 F.2d 384 (10th Cir.1956), cert. denied 351 U.S. 943, 76 S.Ct. 834, 100 L.Ed. 1469 (1956); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941).

■ Our determination is limited to that of whether or not the verdict is supported by substantial evidence. State v. McAfee, supra; State v. Weber, 76 N.M. 636, 417 P.

2d 444 (1966); Wilcoxon v. United States, supra; State v. Crouch, 75 N.M. 533, 407 P.2d 671 (1965); State v. Fields, 74 N.M. 559, 395 P.2d 908 (1964). In reaching this determination, we view the evidence in the light most favorable to the state, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. State v. McAfee, supra; State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965); State v. Crouch, supra.

Defendant asserts that the trial court committed fundamental error in not directing a verdict for him. As stated above, this is largely predicated upon his contention that there was no substantial evidence to support the verdict.

■ The trial court cannot properly direct a verdict for a defendant, if there is substantial evidence to support the charge against him. State v. Mosley, 75 N.M. 348, 404 P.2d 304 (1965). Maguire v. United States, 358 F.2d 442, (10th Cir.1966); State v. Tipton, 57 N.M. 681, 262 P.2d 378 (1953).

In Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967), substantial evidence is defined as follows:

"Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, * * * and has been defined as evidence of substance which establishes facts from which reasonable inferences may be drawn."

As stated above, we find the evidence supports the verdict, and we further find this evidence to be substantial.

■■ The doctrine of fundamental error is resorted to in criminal cases only if the innocence of the defendant appears indisputable, or if the question of his guilt is so doubtful that it would shock the conscience to permit his conviction to stand. State v. Sanders, 54 N.M. 369, 225 P.2d 150 (1950). If there is a total absence of evidence to support a conviction, as well as evidence of an exculpatory nature, then an appellate court has the duty to see that substantial justice is done and to set aside the conviction. State v. Salazar, 78 N.M. 329, 431 P.2d 62 (1967). However, the evidence in this case is not so deficient, and the record does not suggest the indisputable innocence of defendant or that his conviction is so doubtful as to shock the conscience.

The judgment should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.