469 P.2d 148

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Braulio RODRIGUEZ, Defendant-Appellant.**

**No. 8949.**

Supreme Court of New Mexico.

May 11, 1970.

Ben T. Traub, Robert C. Hanna, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., James C. Compton, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

TACKETT, Justice.

The appellant was charged with murder on April 11, 1969. He was convicted by a jury of murder in the first degree and was sentenced to life imprisonment in the New Mexico State Penitentiary. He appeals.

It appears from the record that the deceased Jose Manuel Apodaca, his wife and her sister and brother-in-law, went to a dance at a bar. The appellant was present in the bar when they entered. The appellant tried either to sit at the decedent's table, or to dance with one of the women in the group. The deceased told the appellant to leave the table; they then walked to a juke box, exchanging additional words. The appellant then pulled out his gun from inside his jacket and shot Apodaca fatally.

Appellant relies on the following two points for reversal of his conviction:

"I. THE COURT ERRED IN REFUSING THE MOTIONS OF THE DEFENSE TO DISMISS THE CHARGE OF FIRST DEGREE MURDER AT THE CONCLUSION OF THE PROSECUTION'S CASE AND FOLLOWING THE VERDICT.

"II. THE COURT COMMITTED REVERSIBLE ERROR IN INSTRUCTING THE JURY."

Point I is ruled against appellant as the trial court, in passing upon a motion to dismiss the charges, is to view the evidence in the light most favorable to the State. State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct.App.1967). At the time of appellant's motions to dismiss, the record reflects substantial evidence to support the charge of first degree murder, and the court so determined by the denial of the motions to dismiss. No error was committed. State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966).

There is a question of whether there was substantial evidence of the element of deliberation sufficient to constitute first degree murder, under the circumstances in this case. There was evidence that, because of his drinking and the lack of considerable provocation, the shooting, during the few minutes of the encounter, was not done with an intent arrived at with the calmness and coolness required for first degree murder. Torres v. State, 39 N.M. 191, 43 P.2d 929 (1935); State v. Hall, 40 N.M. 128, 55 P.2d 740 (1935). Appellant, testifying in his own behalf, however, said that the deceased, who had threatened him before, stated he was going to "get rid of

him [the appellant]," and reached into his pocket. This caused appellant to draw his gun "trying to scare him off." We cannot, therefore, say that the trial judge should have ruled, as a matter of law, that the necessary element of deliberation was not present. The appellant's own testimony would indicate that, before the act was done, he had thought it over with a "calm and reflective mind." State v. Hall, supra; State v. Ulibarri, 67 N.M. 336, 355 P.2d 275 (1960).

■ Point II is ruled against appellant, as § 41–11–16, N.M.S.A., 1953 Comp., provides:

"For the preservation of any error in the charge, objection must be made or exception taken to any instruction given; or, in case of a failure to instruct on any point of law, a correct instruction must be tendered, before retirement of the jury. Reasonable opportunity shall be afforded counsel so to object, except or tender instruction."

Rule 51(2) (h), Rules of Civil Procedure (§ 21–1–1(51) (2) (h), N.M.S.A., 1953 Comp., 1969 Pocket Supp.), provides:

"For the preservation of error in the charge, objection to any instruction given must be sufficient to alert the mind of the court to the claimed vice therein, or, in case of failure to instruct on any issue, a correct written instruction must be tendered before the jury is instructed."

See, State v. Compton, 57 N.M. 227, 257 P.2d 915 (1953); State v. McAfee, 78 N. M. 108, 428 P.2d 647 (1967); Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967).

Appellant failed in this important aspect as he neither objected to the instructions nor tendered any written request. Appellant did not preserve any of the errors he now raises. Thus, he cannot raise them

for the first time in this court. State v. Lopez, 79 N.M. 282, 442 P.2d 594 (1968); see, State v. Henderson, 81 N.M. 270, 466 P.2d 116 (Ct.App.1970).

■ Appellant contends the alleged errors in the trial court's instructions constitute fundamental error. With this we cannot agree, as we said in State v. Sena, 54 N.M. 213, 219 P.2d 287 (1950), that errors will not be considered for the first time on appeal unless they are jurisdictional, or of a fundamental character. State v. Fernandez, 56 N.M. 689, 248 P.2d 679 (1952); State v. Lott, 73 N.M. 280, 387 P. 2d 855 (1963). Such is not true in the case before us.

If there is substantial evidence (as in this case) to support the verdict of the jury, we will not resort to fundamental error. State v. Sanders, 54 N.M. 369, 225 P.2d 150 (1950); State v. Sisneros, 79 N. M. 600, 446 P.2d 875 (1968); State v. Tapia, 79 N.M. 344, 443 P.2d 514 (Ct.App. 1968); State v. Reynolds, 79 N.M. 195, 441 P.2d 235 (Ct.App.1968). The doctrine of fundamental error is to be resorted to in criminal cases only for the protection of those whose innocence appears indisputably, or open to such question that it would shock the conscience to permit the conviction to stand. State v. Garcia, 19 N.M. 414, 143 P. 1012 (1914); State v. Sanders, supra; Smith v. State, 79 N.M. 450, 444 P. 2d 961 (1968); State v. Sisneros, supra; State v. Tapia, supra; State v. Reynolds, supra.

The record before us does not suggest the indisputable innocence of the appellant, or that his conviction would shock the conscience.

From what we have here said, further comment is unnecessary.

The conviction is affirmed. It is so ordered.

WATSON and McKENNA, JJ., concur.