486 P.2d 615

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Guy Steven GROVE, Defendant-Appellant.**

**No. 651.**

Court of Appeals of New Mexico.

June 11, 1971.

Oliver H. Miles, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Ray Shollenbarger, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

The basic issue in this appeal is whether there is substantial evidence to support defendant's conviction of contributing to the delinquency of a minor. Section 40A–6–3, N.M.S.A. 1953 (Repl.Vol. 6).

Nowhere in the record is the State's theory of "contributing" identified. No bill of particulars was sought; no opening statement was made; the closing arguments were not reported; the instructions do not reveal a theory. In the State's brief it is asserted that defendant "* * * allowed and condoned the smoking of marijuana by the juvenile, * * *" and that defendant was a "partner in the contraband" which a police informer sought to buy. Thus, the asserted delinquency to which defendant allegedly contributed was a violation of the law of the State or conduct injurious to the juvenile's morals. See State v. Leyba, 80 N.M. 190, 453 P.2d 211 (Ct.App.1969).

Defendant, defendant's brother and Simmons were living in a house located at 1205 Ash in Clovis. On Sunday, the police informer went to the house and sought to buy marijuana from a person named Williams and the juvenile involved in this case. No supply was available. Later that day, the informer, the juvenile and Simmons went to Portales in an attempt to obtain marijuana. They were unsuccessful. There is no evidence that defendant was in anyway involved in these Sunday activities.

On Monday, the juvenile, Simmons and Ray Goodman went to Albuquerque and purchased marijuana, returning to Clovis at approximately 11:30 p. m. Prior to the trip to Albuquerque by the juvenile, defendant knew of the trip and its purpose and refused "to take part in it."

None of the foregoing is relied on as evidence to support the "contributing conviction" of defendant.

There is evidence that after the return to Clovis, and at about 1:30 a. m. on Tuesday, the informer went to the house at 1205 Ash and at that time was taken to a bedroom by the juvenile. The informer identified those present at this time, besides himself, as the juvenile, "Simmons and the two colored guys." According to the informer, he pretended to smoke what appeared to be a marijuana cigarette and the other four present did smoke this cigarette. The informer then asked if "* * * they had anything they wanted to sell * * *" and was told "* * * they wanted to wait for Steve, * * *" The informer testified that defendant was

not involved in any of these transactions; that he had never seen the defendant prior to seeing him in the courtroom at defendant's trial.

The juvenile's testimony as to the events in the early morning of Tuesday is to the same effect as the informer's testimony. In addition, the juvenile testified that after the informer left 1205 Ash, the two Negroes also departed; that the defendant and a person named Hon then came to the house, but only shortly before the police arrived. Other evidence is also to the effect that defendant was not at the house during the smoking of the marijuana cigarette and the informer's attempt to buy marijuana.

■ The evidence which connects defendant with the juvenile's marijuana smoking and the attempted purchase by the informer is as follows. When the informer went to the house at 1:30 a. m. he was under police surveillance. One officer went to the side of the house and from a distance of approximately 8 feet looked into a bedroom window for five minutes and saw the juvenile and defendant "laying on the bed." The officer couldn't see anyone else. This observation occurred at a time when the informer testified he was present in the house, and about the time of the marijuana smoking and the attempted purchase. The State asserts that combining this portion of the informer's testimony with the officer's testimony permits the inference that defendant " * * * allowed and condoned the smoking of marijuana by the juvenile, * * * and was present when the juvenile was negotiating a sale of this contraband. * * * " It does not.

We accept the officer's testimony as true since, on a review of the sufficiency of the evidence to support a guilty verdict, we view the evidence in the light most favorable to the State. State v. Malouff, 81 N. M. 619, 471 P.2d 189 (Ct.App.1970). The officer's testimony is only that he saw the defendant present in the house. The officer saw only two persons present—the juvenile and the defendant. The officer did

not testify about seeing any smoking or about seeing any sign that smoking had occurred. Nor did he testify as to any activity of the juvenile in the presence of defendant other than that he was on the bed. To repeat, the officer's testimony goes no further than the presence of defendant.

If, from the evidence, it may be inferred that defendant was present when the juvenile engaged in his admitted activities with marijuana, there is no evidence that defendant had anything to do with these activities; no evidence that defendant approved of such activities. In the absence of such evidence, an inference that defendant was present when the juvenile engaged in his marijuana activities is insufficient to sustain defendant's conviction for contributing to the delinquency of the juvenile. State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970).

Another theory, advanced by the State in support of the verdict, is based on the testimony that before selling marijuana to the informer the juvenile and Simmons " * * * wanted to wait for Steve [defendant], * * * " It is contended that this sustains an inference that defendant " * * * was a partner in the contraband and that his presence was essential before the sale could be consumated [sic]." It does not. The evidence relied on is taken out of context. Compare Payne v. Tuozzoli, 80 N.M. 214, 453 P.2d 384 (Ct.App. 1969). The juvenile went on to testify that his remark about waiting for defendant was "just an excuse;" that there was no partnership in the marijuana. The only inference from the testimony, in context, is that defendant had nothing to do with the marijuana.

Defendant's acts or omissions must have caused or tended to cause or encourage the delinquency of the juvenile. Section 40A–6–3, supra; State v. Leyba, supra. Here, there is no such evidence. The conviction of contributing to the delinquency of a minor is reversed.

■ At the same trial, defendant was convicted of unlawfully possessing less

**682**

than one ounce of marijuana. The prosecution was under § 54–7–13, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1969). This was under the general statute. The State concedes that under State v. Riley, 82 N.M. 235, 478 P.2d 563 (N.M.App.1970), the conviction was under an inapplicable statute. Its contention is that State v. Riley, supra, is wrong and should be overruled. This contention was rejected in State v. Garcia, 82 N.M. 536, 484 P.2d 756 (N.M. App.), decided April 23, 1971. Accordingly, the conviction, under the general statute, of unlawfully possessing less than one ounce of marijuana is reversed.

The cause is remanded with instructions to set aside the judgment and sentences.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.