494 P.2d 624 (1972)
83 N.M. 540
STATE of New Mexico, Plaintiff-Appellee,
v.
Billy Joe HUNT, Defendant-Appellant.
No. 760.
Court of Appeals of New Mexico.
February 4, 1972.
Rehearing Denied February 17, 1972.
*625 Harvey C. Markley, Lovington, for appellant.
David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

OPINION
WOOD, Chief Judge.
Defendant appeals his conviction of armed robbery. Section 40A-16-2, N.M.S.A. 1953 (Repl.Vol. 6). The two issues concern: (1) sufficiency of the evidence and (2) line-up testimony.

Sufficiency of the evidence.
Defendant attacks the sufficiency of the evidence. The challenge is to the identification of the defendant as the person who beat and robbed the victim. Although defendant challenged the identification testimony at the close of the State's case-in-chief, he did not do so at the close of all the evidence. The question of the sufficiency of the evidence, therefore, is not properly before us. State v. Phipps, 47 N.M. 316, 142 P.2d 550 (1943); compare State v. Browder, 83 N.M. 238, 490 P.2d 680 (Ct.App. 1971). Nevertheless, the evidence has been reviewed and is sufficient to sustain the conviction. The victim positively identified the defendant. This testimony, alone, is sufficient. State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App. 1970).

Line-up testimony.
Defendant claims he was prejudiced by testimony concerning a line-up even though the testimony was stricken. An officer testified that a line-up was held. The trial court sustained defendant's objection to testimony concerning the result of the line-up. After the State rested its case-in-chief, defendant moved "* * * to strike all testimony regarding the line-up identification * * *" The trial court granted the motion, informed the jury that all testimony as to a line-up had been stricken and that they were not to consider the testimony in deciding the case. Although every action requested by defendant in connection with the line-up testimony was granted, he now claims the trial court should "* * * have declared a mistrial of its own motion * * *." Even though there was no testimony that defendant had been identified in a line-up, defendant claims that any reference to a line-up was *626 prejudicial because the inference is that he had been so identified and the trial court's admonition could not remove the prejudicial inference.
In a similar situation, State v. Stewart, 30 N.M. 227, 231 P. 692 (1924) states:
"* * * The testimony was not, in our opinion, of such a nature as to prejudice the rights of the defendant to such an extent as to require a new trial, in view of its withdrawal from the jury and the instruction by the court to the jury that they should disregard the same. Defendant made no motion for a mistrial, and apparently acquisced [sic] in the action of the court."
See also, Dolan v. United States, 218 F.2d 454 (8th Cir.1955), cert. denied, 349 U.S. 923, 75 S.Ct. 665, 99 L.Ed. 1255 (1955).
Here, defendant was positively identified by other testimony to which no objection was made. Any inference from the stricken line-up testimony cannot be considered to be so prejudicial that the trial court was required to grant a mistrial when defendant never asked for a mistrial.
The judgment and sentence are affirmed.
It is so ordered.
HENDLEY and SUTIN, JJ., concur.