495 P.2d 379

STATE of New Mexico, Plaintiff-Appellee,

v.

John A. SANDOVAL, Defendant-Appellant.

No. 834.

Court of Appeals of New Mexico.

March 10, 1972.

Dennis R. Francish, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

**600**

OPINION

HENDLEY, Judge.

Convicted of burglary, contrary to § 40A–16–3, N.M.S.A.1953 (Repl.Vol.1964), defendant appeals. He asserts the trial court erred in failing to direct a verdict of acquittal at the close of the State's case.

We affirm.

This case involves the burglary of an automobile. Defendant's witness Montano testified that defendant was unaware that he (Montano) was removing a stereo tape deck from the automobile. State witnesses testified that defendant and Montano looked into another car before Montano broke into the burglarized car; that defendant leaned on the door of the burglarized car and was "looking both ways as if observing for something." This evidence is sufficient to sustain defendant's conviction as an aider and abettor. State v. Atwood, 83 N.M. 416, 492 P.2d 1279 (Ct.App.1971).

Defendant's motion for a directed verdict at the close of the State's case was denied. He then proceeded with his case in chief. After defendant closed he failed to renew his motion for a directed verdict. If there was error in the denial of the motion at the close of the State's case in chief it was waived by the subsequent introduction of evidence and failure to renew the motion. State v. Phipps, 47 N.M. 316, 142 P.2d 550 (1943); State v. Hunt, (Ct.App.) 83 N.M. 546, 494 P.2d 624, 1972.

Defendant's implied contention of fundamental error is without merit. The innocence of defendant is not indisputable and it does not shock the conscience to permit the conviction to stand. State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct. App.1967).

Affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.