508 P.2d 1316

STATE of New Mexico, Plaintiff-Appellee,

v.

Raymond JARAMILLO, Defendant-Appellant.

No. 1016.

Court of Appeals of New Mexico.

Feb. 16, 1973.

Richard C. Losh, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of burglary and larceny. Sections 40A–16–3 and 40A–16–1, N.M.S.A. 1953 (2nd Repl.Vol. 6). He appeals.

We affirm.

The indictment charged defendant with burglary and larceny under the statutes, supra in two counts. The particulars in each count stated the crimes were committed in the dwelling house of *James Martinez, 1221 Stanford, N.E., Albuquerque, New Mexico.*

All evidence offered by the state to prove the criminal offenses established that the events occurred at the residence of *Barbara Martinez, 1200 Stanford, N.E.;* that no evidence was shown of any relationship between James Martinez and Barbara Martinez; and no evidence presented of error in the street address. This variance was never mentioned by defendant in the court below.

First, defendant claims the evidence is not sufficient to warrant conviction because identity of place and owner burglarized, and identity of ownership of stolen property, stated in Counts I and II, are essential to conviction.

Is the variance between the particulars stated in the indictment, and the proof thereof, sufficient to warrant a reversal when raised for the first time on appeal? The answer is "no."

 We have pointed out on many occasions that errors not raised in the trial court cannot be first raised on appeal unless the errors claimed are either (1) jurisdictional or (2) fundamental. State v. Rodriguez, 81 N.M. 503, 469 P.2d 148 (1970).

### (1) Variance Between Indictment and Proof Not Jurisdictional.

The reason the faulty allegation of fact in an indictment on the name and address of the party and place burglarized is not jurisdictional is that the error can be cured by verdict of the jury. State v. Montgomery, 28 N.M. 344, 212 P. 341 (1923).

The defendant relies on State v. Salazar, 42 N.M. 308, 77 P.2d 633 (1938). This court held that the identity of the place burglarized is an essential element and a material variance between the charge and proof is fatal if the defendant calls this variance to the trial court's attention, and the trial court disregards the variance.

The variance in this case was not jurisdictional. It was cured by the verdict of the jury when it found defendant guilty of burglary and larceny at the home of Barbara Martinez, 1200 Stanford, N.E.

### (2) Variance was not Fundamental Error.

Fundamental error will only be involved to prevent a plain miscarriage of justice where the defendant has been deprived of rights essential to the defense. State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963). We will not resort to the doctrine of fundamental error when there is, as here, substantial evidence in the record to support the verdict of the jury. State v. Rodriguez, supra.

Second, the trial court instructed the jury that before it could find the defendant guilty, the state must prove beyond a reasonable doubt that defendant committed burglary and larceny *in the dwelling of James Martinez, 1221 Stanford, N.E.*, the particulars set forth in Counts I and II. The state failed in this respect, but defendant did not object to this instruction, nor tender a correct written instruction. Such error was not preserved for review, and does not constitute fundamental error. State v. Rodriguez, supra; State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App. 1968).

Affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.