This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38973**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CASTULO AMAYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant has appealed his conviction for unlawful taking of a motor vehicle. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore uphold the conviction.

**{2}**     The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and instead focus on the content of the memorandum in opposition.

**{3}** Defendant continues to challenge to the sufficiency of the evidence to support his conviction, [MIO 3-5] specifically contending that more direct proof of unlawfulness should have been required, and suggesting that he took the vehicle with the owner's consent. [MIO 5] However, the jury was not required to adopt Defendant's version of the relevant events. *See State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 ("[T]he jury is free to reject [the d]efendant's version of the facts." (internal quotation marks and citation omitted)); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (explaining that appellate courts neither evaluate the evidence to determine whether some hypothesis could be designed consistent with a finding of innocence, nor weigh the evidence or substitute our judgment for that of the fact-finder so long as there is sufficient evidence to support the verdict). The jury was at liberty to credit the owner's testimony that she did not give Defendant permission to take her vehicle. [MIO 5] *See State v. McAfee*, 1967-NMSC-139, ¶ 8, 78 N.M. 108, 428 P.2d 647 ("It was for the jury to determine the weight to be given the testimony and determine the credibility of the witnesses[.]" (citations omitted)). *See generally State v. Hamilton*, 2000-NMCA-063, ¶ 20, 129 N.M. 321, 6 P.3d 1043 ("[T]he testimony of a single witness may legally suffice as evidence to support a jury's verdict." (internal quotation marks and citation omitted)).

**{4}** "New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (alterations, internal quotation marks, and citation omitted). We determine only whether "a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction." *Duran*, 2006-NMSC-035, ¶ 5 (internal quotation marks and citation omitted). In this case, as previously described, [CN 2-4] the direct and circumstantial evidence presented by the State provides ample support for the all of the requisite findings. We therefore uphold the verdict.

**{5}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**