677 P.2d 618
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Jim HUNTER, Defendant-Appellant.**

No. 14753.

Supreme Court of New Mexico.

Jan. 13, 1984.

Rehearing Denied Feb. 8, 1984.

Martha A. Daly, Santa Fe, for defendant-appellant; Asa Kelly, Jr., Silver City, Trial Counsel.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SOSA, Senior Justice.

After a jury trial, Defendant Jim Hunter was convicted of one count of first degree

**6**

criminal sexual penetration and two counts of second degree criminal sexual penetration. The sole issue presented for review is whether sufficient evidence supports Defendant's convictions. We conclude that there was sufficient evidence to convict on all counts and therefore affirm.

Defendant was charged by way of criminal information initiated by complaints from his daughter and stepdaughter. Count I of the information charged first degree criminal sexual penetration of his stepdaughter. Criminal sexual penetration is generally defined by NMSA 1978, Section 30-9-11 as "the unlawful and intentional causing of a person, other than one's spouse, to engage in sexual intercourse * * or the causing of penetration, to any extent and with any object, of the genital * * * openings of another, whether or not there is any emission." Under this statute a first degree offense consists of, among other things, penetration "on a child under thirteen years of age. * * * " § 30-9-11(A)(1).

Defendant's stepdaughter's testimony at trial indicated that Defendant first caused her to submit to sexual contact with him sometime after her ninth birthday. She testified that the first incident occurred when Defendant, who was her mother's third husband, woke her up at night and placed his fingers and/or his penis into her vagina. Her testimony further indicated that Defendant repeated this conduct approximately fourteen times between her ninth and thirteenth birthdays. The stepdaughter was eighteen years of age at the time she testified.

Counts II and III of the information charged Defendant with second degree criminal sexual penetration of his stepdaughter and his own daughter respectively. Subsection 30-9-11(B) provides for a second degree offense where the penetration is perpetrated "(1) on a child thirteen to sixteen years of age when the perpetrator is in a position of authority over the child and uses this authority to coerce the child to submit * * * "

As to Count II, Defendant's stepdaughter testified that she submitted to sexual intercourse with Defendant approximately two or three times a month between her thirteenth and seventeenth birthdays. She left her home after her seventeenth birthday. She indicated that she was afraid of Defendant and did not want or freely consent to sexual relations with him. However, she was told by Defendant that if she refused sexual relations with him or told anyone of their occurrence, he would leave and have her invalid mother taken from the house and placed in a nursing home.

As to Count III, Defendant's daughter testified that after her thirteenth birthday he began taking nude pictures of her. She agreed only because he explained that the family had a history of breast cancer and he wanted to detect the problem early. A month later, and at least twice monthly thereafter for one year, she submitted to sexual intercourse with Defendant. She testified that she was afraid of him and submitted out of fear of physical abuse if she refused.

When the sufficiency of the evidence supporting a conviction is challenged on appeal, this Court will review the evidence "in the light most favorable to the verdict, resolving all conflicts therein and indulging all permissible inferences therefrom." *State v. Lucero,* 88 N.M. 441, 443, 541 P.2d 430, 432 (1975); *State v. McAfee,* 78 N.M. 108, 428 P.2d 647 (1967).

No claim is made that the evidence does not support proof as to any specific required element of the offenses charged. Rather, Defendant asserts a general absence of sufficient evidence to support the convictions since the testimony of the victims is uncorroborated and is inherently incredible. The uncorroborated testimony of the two victims was the basis for Defendant's convictions on all three counts. However, in a prosecution for criminal sexual penetration, the testimony of the victim need not be corroborated and the lack of corroboration has no bearing on the weight to be given the testimony. NMSA 1978, § 30-9-15.

In support of his claim that the evidence was inherently incredible, Defendant points out that the testimony of his stepdaughter was in conflict with a prior affidavit wherein she had stated she had lied in bringing charges against him. In a similar vein, he asserts that his daughter's testimony conflicted with an affidavit wherein she stated she no longer wished to press charges. At trial however, his stepdaughter testified that the affidavit was not true and that she was pressured into signing it by Defendant's girlfriend. His daughter at trial also maintained that she had signed her affidavit at the urging of family members but that her original accusations were correct. Other testimony on this point indicated that Defendant's girlfriend had also strongly encouraged the victims to drop charges against Defendant and had assisted in drafting the affidavits for the victims' respective signatures. Evidence also indicated that Defendant's girlfriend had moved into the family home to help care for Defendant's invalid wife during the relevant periods and had herself maintained frequent sexual relations with him.

In addition, Defendant maintains that his stepdaughter's accusations of continuous sexual penetration between ages nine and thirteen were impeached by medical testimony. Specifically, his stepdaughter's own doctor testified that she suffered from an imperforate hymen which eventually required a hymenectomy. This operation was performed near the victim's thirteenth birthday. The doctor testified that nothing could have penetrated the stepdaughter's vagina for six months prior to the operation. The State's expert medical testimony, on the other hand, indicated that such penetration could have been effected during this time although it would have been painful.

Defendant also depicts his daughter's testimony as inherently incredible because it was inconsistent with her testimony at the preliminary hearing. Her prior testimony indicated that she left home at seventeen because of the way Defendant was treating her brothers and sisters. At trial she testified that she left home because of Defendant's sexual abuse. In addition, Defendant points to evidence indicating that his daughter was abusing alcohol and drugs and was sexually active with boys during the period in question. Lastly, Defendant argues that the testimony of both victims was suspect because of their motive to lie and harm him. He argues that both girls fabricated the charges against him because he had asked their older sister to leave the family residence, having accused her of promiscuity.

■ The record indicates that the testimony of the victims was both supported and contradicted by various evidence admitted at trial. While the evidence was conflicting, it was not incredible. The jury, as the trier of fact, was entitled to weigh this evidence. *State v. McAfee; State v. Torres,* 78 N.M. 597, 435 P.2d 216 (Ct.App. 1967). The jury simply believed the victims' testimony and the evidence supporting it over Defendant's assertions that the incidents had not occurred. This Court will not substitute its determination for that of the jury. *State v. Lard,* 86 N.M. 71, 519 P.2d 307 (Ct.App.1974). There is no merit to the claim concerning sufficiency of the evidence.

The Defendant's convictions are affirmed.

IT IS SO ORDERED.

PAYNE and RIORDAN, JJ., concur.