IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                      NO. 29,076

EFRAIN GONZALES,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

    Defendant appeals from a judgment and sentence entered September 22, 2008 following a jury trial where he was convicted of one count of first-degree kidnapping and one count of second degree criminal sexual penetration (commission of a felony). [RP 165-68]  We issued a proposed notice of summary disposition, proposing to

affirm. Pursuant to an extension, Defendant filed a timely memorandum in opposition on May 13, 2009. We have considered Defendant's arguments on appeal but are not persuaded. We affirm.

Defendant argues that the district court erred by denying his motion for a directed verdict at trial based upon insufficient evidence as a matter of law. [MIO 2] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (citations omitted). "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 (citations omitted).

Defendant asserts that the verdict was unsupported because victim's testimony was uncorroborated by any physical evidence and there were no other witnesses. [MIO 2] Defendant argues victim's testimony that he restrained her by force, intended to hold her against her will, and committed criminal sexual penetration against her

during the commission of the kidnapping is insufficient because victim previously stated to police that she entered Defendant's home of her own free will, and only protested the sexual act because of the ten-year age difference between them. [MIO 5]

Defendant's argument that his conviction must be supported by more than victim's testimony is misplaced. "In prosecutions for criminal sexual penetration, the testimony of the victim need not be corroborated and lack of corroboration has no bearing on weight to be given to the testimony." *State v. Nichols*, 2006-NMCA-017, ¶ 10, 139 N.M. 72, 128 P.3d 500 (internal quotation marks and citations omitted); *see* NMSA 1978, § 30-9-15 (1975). The appropriate formulation of the sufficiency of the evidence test in criminal sexual penetration cases has been stated as follows:

> The jury, as the trier of fact, was entitled to weigh th[e] evidence. The jury simply believed the victims' testimony and the evidence supporting it over [d]efendant's assertions that the incidents had not occurred. This [c]ourt will not substitute its determination for that of the jury.

*State v. Hunter*, 101 N.M. 5, 7, 677 P.2d 618, 620 (1984) (citations omitted). Here, Defendant did not testify in his own defense so there is no conflicting testimony for the jury to have weighed. The jury, by returning a verdict of guilty, indicated that it found victim's testimony credible.

Defendant does not argue that victim failed to testify as to any of the essential elements of kidnapping or criminal sexual penetration. So long as victim testified at

trial that each element of the offenses of kidnapping and criminal sexual penetration occurred, no further evidence is necessary to corroborate victim's statements. It is enough that the jury believed victim's testimony. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (citations omitted).

For the foregoing reasons, and those set forth in the proposed notice of disposition, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**