This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 34,696**

**ERNEST CARMONA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**J.C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals his convictions on two counts of criminal sexual contact of a minor in the second degree (Child under thirteen). We issued a calendar notice

proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}**   Defendant continues to challenge the sufficiency of the evidence to support his convictions on two counts of criminal sexual contact of a minor in the second degree (Child under thirteen). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

**{3}**   In order to convict Defendant on the two counts, the evidence had to show that the unlawful contact of a minor under thirteen took place on or about November 16, 2012, and January 29, 2013. [RP 188, 189). In this case, the victim was eleven years old when the incidents took place. [MIO 1] She testified that on January 29, 2013, Defendant touched her breasts and vagina underneath her clothing while she was playing a video game. [MIO 1] She testified that a similar incident took place in November 2012. [MIO 1-2] Defendant challenges the lack of specificity with respect to the exact date of the November incident. [MIO 5] However, the lack of testimony

2

providing a specific date on which the November incident of CSCM occurred does not preclude a finding by the jury that two incidents of touching occurred based upon the evidence presented. *See State v. Altgilbers*, 1989-NMCA-106, ¶ 56, 109 N.M. 453, 786 P.2d 680 (stating that "[n]o juror need have a precise day in his or her own mind in order to vote for conviction" for purposes of a sufficiency of the evidence analysis and concluding that sufficient evidence supported verdicts in spite of the lack of evidence of specific dates of the occurrence of criminal sexual acts). Defendant also points to his own testimony where he denied that any abuse took place. [MIO 4] However, the jury was free to reject this testimony. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events). In summary, we conclude that the evidence was sufficient to support the convictions, and we affirm the judgment. *See State v. Hunter*, 1984-NMSC-017, ¶¶ 7-12, 101 N.M. 5, 677 P.2d 618 (observing that corroborating evidence is not necessary to support a sex crime victim's testimony, and that this testimony is sufficient so long as it is not incredible).

{4}    **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

3

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**