This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36416**

**STATE OF NEW MEXICO,**

>        Plaintiff-Appellee,

v.

**MICHELLE JENSEN,**

>        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Pedro G. Rael, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Defendant Michelle Jensen was convicted, following a jury trial, of three counts of child abuse by endangerment in violation of NMSA 1978, Section 30-6-1(D) (2009). On appeal, Defendant argues that the evidence is insufficient to support all three convictions. As to two of the convictions, she argues that there is not substantial evidence that allowing her daughter (Victim) to smoke marijuana, or giving Victim drug paraphernalia, placed her in a dangerous situation. As to the third conviction, Defendant

argues that there is not substantial evidence that she allowed Victim to be alone or unsupervised with a man after Defendant learned that the man had sexually abused Victim. She also challenges the third conviction on the ground that the inclusion of an inaccurate date range in the jury instruction was fundamental error. We affirm.

**BACKGROUND**

**{2}** During the summer of 2015, Defendant lived in a house in Milan, New Mexico, with her ten-year-old daughter and three adult men. While living in the house, one of the men began treating Victim "like a girlfriend." The man caused Victim to engage in sexual acts on multiple occasions. At some point, Victim's friend told Defendant that the man was sexually abusing Victim. Although Defendant confronted Victim's abuser, who admitted that he had abused Victim, Victim testified that the abuse occurred two or three additional times after this disclosure. After Defendant learned of the abuse, she allowed the man and his girlfriend to travel with Victim, unaccompanied by Defendant, from New Mexico to Montana by car.

**{3}** While living in the house, Victim smoked marijuana with Defendant and her abuser on multiple occasions. Defendant did not dispute that she smoked marijuana with Victim on two occasions, or that she permitted Victim "to smoke with other people." Victim also testified that Defendant provided her with marijuana and wax, which Victim described as "pure THC[,]" for later use. Defendant testified that Victim's "behavior evened out" when she smoked marijuana, and Victim testified that the marijuana made her feel "[a]way from real[i]ty."

**{4}** The State charged Defendant with three counts of child abuse by endangerment—two counts, Counts 3 and 4, related to giving marijuana to or using the drug with Victim and one count, Count 1, related to permitting Victim to be alone or unsupervised with the man who had sexually abused her after Defendant learned of the sexual abuse. For the counts based on the marijuana theory, the State charged Defendant in the alternative with contributing to the delinquency of a minor (CDM). Defendant was also charged with failure to report child abuse or neglect in violation of NMSA 1978, Section 32A-4-3 (2005). A jury found Defendant guilty of all charges. She appeals, challenging only her three child abuse convictions.

**DISCUSSION**

**I.      Substantial Evidence Supports Defendant's Child Abuse Convictions**

**{5}** Defendant argues that her convictions for child abuse by endangerment are not supported by sufficient evidence. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Cabezuela*, 2015-NMSC-016, ¶ 14, 350 P.3d 1145 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*,

2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted). Our review employs a two-step process in which we first "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We then consider "whether the evidence, so viewed, supports the verdict beyond a reasonable doubt." *State v. Garcia*, 2016-NMSC-034, ¶ 24, 384 P.3d 1076. "We do not reweigh the evidence or substitute our judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict." *State v. Gipson*, 2009-NMCA-053, ¶ 4, 146 N.M. 202, 207 P.3d 1179. "The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (alterations, internal quotation marks, and citation omitted).

## A. The State Presented Sufficient Evidence That Smoking Marijuana Placed Victim in a Dangerous Situation

**{6}** Defendant argues that her "two child abuse convictions for allowing [Victim] to smoke marijuana should be reduced to the more specific crime of CDM" because the State presented insufficient evidence "that smoking marijuana placed [Victim] in a situation which endangered her life or health." We disagree.

**{7}** With respect to the essential elements at issue on appeal, the district court instructed the jury that it could only find Defendant guilty of Count 3 if the State proved that Defendant "gave drugs to [Victim], or used drugs with [Victim]" and that by doing so Defendant "caused or permitted [Victim] to be placed in a situation that endangered [Victim's] life or health." The instruction on Count 4 included similar elements, though it allowed conviction if the jury found that Defendant "gave drugs to [Victim], or used drugs with [Victim], *or allowed* [Victim] *to have* drugs and drug paraphernalia." (Emphasis added.) *See* UJI 14-612 NMRA.

**{8}** The evidence presented at trial supports Defendant's convictions for child abuse by endangerment. Defendant does not dispute that there was sufficient evidence that she gave marijuana to Victim, used marijuana with Victim, or allowed Victim to have drugs and drug paraphernalia. Our independent review confirms that there is ample evidence of these facts. At trial, Victim and Defendant both testified that Defendant provided Victim with marijuana and drug paraphernalia and used them together with her. Victim also testified that Defendant gave her additional drugs "to use later." Two other household members testified that they observed Victim and Defendant smoke marijuana together on at least two occasions.

**{9}** Defendant argues that exposure to marijuana was not tied to a foreseeable risk of harm to Victim. We consider the following factors when determining "whether a defendant's conduct supports criminal liability for child abuse by endangerment: (1) the gravity of the risk created by the defendant, (2) whether the underlying conduct violates a statute, and (3) the likelihood of harm to the child." *State v. Webb*, 2013-NMCA-027, ¶ 18, 296 P.3d 1247 (internal quotation marks and citation omitted). The gravity of the risk

"serves to place an individual on notice that his [or her] conduct is perilous, and potentially criminal." *State v. Schaaf*, 2013-NMCA-082, ¶ 9, 308 P.3d 160 (internal quotation marks and citation omitted). Where the defendant's conduct violates a separate criminal statute, the endangerment charge is bolstered "because the Legislature has defined the act as a threat to public health, safety, and welfare." *Id.* (internal quotation marks and citation omitted). "[T]he likelihood of harm . . . informs th[is C]ourt of the foreseeability of the risk when evaluating its magnitude." *Id.* "[T]he state must present specific evidence, including scientific or empirical evidence, connecting the circumstances to a substantial and foreseeable risk of harm[] where it is not readily apparent in the record." *Id.*

**{10}**     Although the State did not present any scientific or empirical evidence, the requisite level of risk is readily apparent from the record in this case. The "Legislature has indicated its determination that marijuana is . . . particularly [dangerous] for minors" by providing increased penalties for distributing marijuana in drug-free school zones and by providing greater penalties for distributing marijuana to minors than for distributing it to adults. *State v. Graham*, 2005-NMSC-004, ¶ 12, 137 N.M. 197, 109 P.3d 285. The State's theory at trial was that allowing Victim, a ten-year-old, to illegally use an intoxicating controlled substance was, in and of itself, dangerous to Victim, and the prosecutor asked the jurors to rely on their common sense about whether Defendant's conduct endangered Victim's life or health. The Defendant, for her part, has not advanced an argument on appeal to address that theory and does not otherwise argue that illegally using marijuana with and giving paraphernalia to her ten-year-old daughter to calm her behavioral issues did not endanger her life or health. In addition to the danger created by the use itself, the State presented evidence tending to establish that the circumstances under which Defendant facilitated Victim's marijuana use enhanced the risk of harm here. Defendant gave Victim marijuana and paraphernalia, allowing her to use the drug, which made her feel "[a]way from real[i]ty," in whatever circumstances Victim chose, exercising the judgment of a ten-year-old child.[1]

**{11}**     We conclude that sufficient evidence supports Defendant's convictions for child abuse by endangerment for giving drugs and drug paraphernalia to Victim.

---

[1]Defendant argues that the general-specific statute rule should apply and that we should reduce her charges from child abuse by endangerment to CDM because "[t]he State did not argue that allowing [Victim] to be exposed to marijuana increased the likelihood that she would be sexually abused." However, Defendant fails to develop this argument; she does not analyze the elements of the statutes at issue. *Compare* § 30-6-1(D)(1) (providing, in pertinent part, that abuse of a child consists of a person "causing or permitting a child to be . . . placed in a situation that may endanger the child's life or health"), *with* NMSA 1978, § 30-6-3 (1990) ("Contributing to the delinquency of a minor consists of any person committing any act or omitting the performance of any duty, which act or omission causes or tends to cause or encourage the delinquency of [a child]."), *and* UJI 14-601 NMRA (describing essential elements of contributing to the delinquency of a minor). *See generally State v. Santillanes*, 2001-NMSC-018, ¶ 11, 130 N.M. 464, 27 P.3d 456 ("[W]e determine whether the general/specific statute rule applies to two criminal statutes by comparing the elements of the crimes and, if necessary, resorting to other indicia of legislative intent."). And we will not do so for her. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be. To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them." (alteration, internal quotation marks, and citation omitted)).

**B.** **The State Provided Sufficient Evidence That Victim Was Alone or Unsupervised With Her Abuser After Defendant Learned of the Abuse**

**{12}** Defendant also challenges her conviction for child abuse by endangerment in Count 1, arguing that there was no evidence to support the first element of the charge because "a rational jury could not have reasonably inferred that [Victim] was ever alone or unsupervised with [her abuser] *after* she disclosed [the] sexual abuse to [Defendant] because there was no evidence presented to support this finding[,]" which was required by the case-specific version of UJI 14-612 given at trial. Defendant is incorrect. Victim testified that she had sexual relations with her abuser on two or three occasions after Defendant learned of the abuse.

**{13}** Although Defendant's testimony supported her theory that Victim was not alone or unsupervised with her abuser after the disclosure, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [an alternative] version of the facts." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). "The jury, as the trier of fact, was entitled to weigh [the] evidence[,]" *State v. Hunter*, 1984-NMSC-017, ¶ 12, 101 N.M. 5, 677 P.2d 618, and it was not bound by testimony that Victim was always supervised when the abuser was at the house after Victim's disclosure. This Court would not be free to "substitute its determination for that of the jury" even if it viewed the evidence differently. *Id.*

**{14}** We conclude that sufficient evidence supports Defendant's conviction for child abuse by allowing Victim to be alone or unsupervised with her abuser after Defendant learned of the abuse.

**II.** **The Dates in the Jury Instruction for Count 1 Did Not Constitute Fundamental Error**

**{15}** In the alternative, Defendant contends that we must reverse her conviction on Count 1 on fundamental error review because the jury instruction[2] for that count, which described dates both before and after Victim's disclosure, allowed the jury to find Defendant guilty for conduct that occurred before Defendant was made aware of the sexual abuse. Defendant's argument lacks merit because the same instruction that Defendant complains of explicitly required the jury to find that "[Defendant] allowed her daughter, [Victim], to be alone or unsupervised with [her abuser] *after* [Defendant] learned of the sexual abuse." (Emphasis added.) It follows that the instruction for Count

---

2We asked the parties to file supplemental briefs on the issue of whether the jury instructions accurately stated the mens rea element applicable to reckless child abuse, an issue that Defendant neither preserved nor raised in his initial briefing. The State persuasively argues that prudential considerations weigh against addressing this issue sua sponte given our Supreme Court's most recent decisions in the area and the closeness in time between those decisions and the adoption of the relevant UJI. Although we may reach the issue because it involves a fundamental right, *see State v. Arrendondo*, 2012-NMSC-013, ¶ 20, 278 P.3d 517, we are mindful of the need to be "sparing in [our] exercise of authority to raise issues sua sponte[,]" *id*. ¶ 20 n.1 (Chavez, J., dissenting in part), and in this instance decide against exercising our discretion to address the issue in light of these prudential considerations.

would not have confused or misdirected a reasonable juror. *See State v. Barber*, 2004-NMSC-019, ¶ 19, 135 N.M. 621, 92 P.3d 633 (explaining that there is no reversible error, and thus no fundamental error, when a reasonable juror would not have been confused or misdirected by the jury instructions provided). The instruction did not result in fundamental error. *See State v. Little*, 2020-NMCA-___, ¶ 24, ___P.3d___ (No. A-1-CA-36942, May 6, 2020) (holding that no fundamental error resulted from an instruction that erroneously described a time frame extending beyond the victim's eighteenth birthday where the same instruction required the jury to find that the defendant had abused the victim when she was less than eighteen years old); *see also Cunningham*, 2000-NMSC-009, ¶ 21 (holding that fundamental error does not occur where the jury instructions as a whole provide all of the essential elements of an offense).

**CONCLUSION**

**{16}**   We affirm.

**{17}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**