This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40515**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAMES D. MOWELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from a judgment and sentence convicting him of criminal sexual contact of a minor (under age thirteen), contrary to NMSA 1978, Section 30-9-13(C)(1) (2003). [RP 140-43] Defendant contends that the evidence was insufficient to support his conviction. [BIC 10-15] "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (text only). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (text only). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Id.* (text only). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (text only). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (text only)).

**{3}** The jury instruction for criminal sexual contact of a minor (under age thirteen) required the State to prove beyond a reasonable doubt that (1) "[D]efendant touched or applied force to the clothed or unclothed vulva or vagina of [the Victim]"; (2) "[the Victim] was a child under the age of thirteen (13)"; and (3) "[t]his happened in New Mexico on or between the 9th day of July and the 7th day of August 2019." [RP 90]

**{4}** Defendant contends that there was insufficient evidence to support the elements listed above. However, according to Defendant's brief in chief, the Victim testified that during the summer of 2019, when she was ten years old, Defendant told her to come sit with him and while sitting on his lap, Defendant "started touching her vagina." [BIC 6] The Victim further testified that "[s]he had on underwear and his hand went underneath her underwear. She felt very uncomfortable and tried to get away." [BIC 6]

**{5}** Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury's verdict beyond a reasonable doubt that Defendant committed criminal sexual contact of a minor. *See Slade*, 2014-NMCA-088, ¶ 13. To the extent Defendant argues that corroborating evidence such as DNA or other eyewitness evidence was needed to support the Victim's version of events, we disagree. [BIC 12] *See State v. Hunter*, 1984-NMSC-017, ¶ 8, 101 N.M. 5, 677 P.2d 618 (holding that there was sufficient evidence to uphold the defendant's conviction for criminal sexual penetration and that "the testimony of the victim need not be corroborated and the lack of corroboration has no bearing on the weight to be given the testimony"); *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 (holding that the testimony of a single witness can constitute sufficient evidence to uphold a conviction).

**{6}** Moreover, although Defendant testified in his own defense and claimed that "he did not sexually molest [the Victim]" [BIC 5] and that he "had his hand on [the Victim]'s leg when she was in the chair with him but he did not touch her private part," [BIC 4] the jury was free to reject his version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. It was for the jury to resolve any conflicts and determine the weight and credibility in the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{7}** Similarly, to the extent Defendant argues that the way in which the Victim's mother and step-father questioned her about what happened and implied that the Victim would be in trouble if she did not say something, resulted in a false accusation, this argument raises similar issues regarding weight and credibility. While Defendant contends that the "suggestive interviewing techniques" by the Victim's mother, "should call into question the reliability of the testimony and the verdict in this case," [BIC 14] issues of weight and credibility are for the jury to consider and will not be reassessed on appeal. *See Salas*, 1999-NMCA-099, ¶ 13; *see also Griffin*, 1993-NMSC-071, ¶ 17.

**{8}** For the foregoing reasons, we affirm Defendant's conviction.

**{9}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**