This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40301**

**STATE OF NEW MEXICO,**

        Plaintiff-Appellee,

v.

**ASENCION M. SALAS,**

        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jarod K. Hofacket, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** Asencion Salas (Defendant) appeals his conviction on two counts of third degree criminal sexual contact of a minor (CSCM), contrary to NMSA 1978, Section 30-9-13 (2003). On appeal, Defendant claims that (1) the district court erred by instructing the jury on New Mexico's corroboration statute; (2) he received ineffective assistance of

counsel; and (3) insufficient evidence supports his conviction. For the reasons stated below, we affirm the district court as to all three issues.

**BACKGROUND**

**{2}** At trial, Defendant was convicted of having criminal sexual contact with A.S., his granddaughter. A.S. lived with her grandmother, Maria Vasquez since the end of August 2013, but Defendant babysat A.S. between June 2016 and November 2016, when Ms. Vasquez was ill, and when the events giving rise to the charges at issue in this appeal occurred.

**{3}** Following those events, A.S. did not immediately report the incidents. It was in September 2017 that A.S. told Ms. Vasquez what had happened. Following A.S.'s disclosure, Defendant was charged with one count of criminal sexual penetration (CSP) in the first degree and two counts of CSCM in the second degree.

**{4}** Prior to the jury trial, the State proposed a nonuniform jury instruction (the nonuniform instruction) patterned after NMSA 1978, Section 30-9-15 (1975) (New Mexico's corroboration statute), which read,

> The testimony of a sexual assault victim need not be corroborated by other evidence in prosecutions for [CSP] in the [f]irst [d]egree (Child Under 13), or [CSCM] in the [s]econd [d]egree (Child Under 13). Such testimony shall be entitled to the same weight as the testimony of any other victim of other crime under the Criminal Code.

Defendant objected to the nonuniform instruction, and the district court initially declined to issue the nonuniform instruction. However, during deliberations, the jury sent the court questions, one of which read, "Can we get a clarification on the law of New Mexico that we can treat the child's testimony as evidence?" The court decided to give the jury the nonuniform instruction with some modification to comply with the district court's rulings following Defendant's motions for directed verdict.[1]

**{5}** Following deliberations, the jury could not reach a unanimous verdict as to the charge of first degree CSP. Therefore, the district court declared a mistrial as to that charge. The jury, however, returned guilty verdicts on the two counts of third degree CSCM. This appeal follows.

**DISCUSSION**

**I.    The District Court Did Not Err by Giving the Jury the Nonuniform Jury Instruction**

---

[1]Following Defendant's motions for directed verdict, the district court ruled that the CSCM counts would be reduced from second degree CSCM to third degree CSCM.

**{6}** Defendant argues that the district court erred by submitting the nonuniform instruction to the jury with language substantially mirroring that of New Mexico's corroboration statute.

The instruction given stated the following:

> The testimony of a sexual assault victim need not be corroborated by other evidence in prosecutions for [CSP] in the [f]irst [d]egree (Child Under 13), or [CSCM] in the [t]hird [d]egree (Child Under 13). Such testimony shall be entitled to the same weight as the testimony of any other victim of other crime under the Criminal Code.

This instruction was based on Section 30-9-15 which states, "The testimony of a victim need not be corroborated in prosecutions under Sections 2 through 5 [NMSA 1978, §§ 30-9-11 through 30-9-14 (1975 as amended through 2009] of this act and such testimony shall be entitled to the same weight as the testimony of victims of other crimes under the Criminal Code."

## A. Giving the Nonuniform Jury Instruction Was Not Reversible Error

### 1. Standard of Review

**{7}** The standard of review we utilize when reviewing jury instructions depends on whether the defendant preserved the issue. *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. If the error was preserved we review the instructions for reversible error. *Id.* If unpreserved, we review for fundamental error. *Id.*

**{8}** Because Defendant objected to the nonuniform instruction in the district court we review it for reversible error. *See id.* Here, Defendant specifically preserved the issue of whether the nonuniform instruction was (1) superfluous, (2) confusing, and (3) a direction to the jury "to accept what [A.S.] sa[id] at face value," by his objection to the instruction.

**{9}** In reviewing a jury instruction for reversible error, we seek to determine "whether a reasonable juror would have been confused or misdirected by the jury instruction." *Id.* (internal quotation marks and citation omitted). "[J]uror confusion or misdirection may stem not only from instructions that are facially contradictory or ambiguous, but from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *Id.*

### 2. The Nonuniform Jury Instruction Was Not Superfluous

**{10}** Defendant contends that the nonuniform instruction was superfluous. We disagree, particularly in light of the fact that here the jury sent the court questions, one of which read, "Can we get a clarification on the law of New Mexico that we can treat the child's testimony as evidence?" In determining whether to issue the nonuniform

instruction, the district court relied on *State v. Juan*, 2010-NMSC-041, 148 N.M. 747, 242 P.3d 314, in concluding that it would be error *not* to clarify the issue for the jury. In *Juan*, the jury was plainly confused by the provided instructions on the law, and requested clarification. *Id.* ¶ 18. Our Supreme Court stated that it is within the district court's sound discretion to issue additional jury instructions. *Id.* ¶ 16. "However, when a jury requests clarification regarding the legal principles governing a case, the [district] court has a duty to respond promptly and completely to the jury's inquiry." *Id.* "Under these circumstances, the [district] court had a mandatory duty to clarify the apparent confusion." *Id.* ¶ 18. It would be contradictory to the principles announced in *Juan* to hold here, where the jury asked if they could "treat the child's testimony as evidence," that the court erred by submitting the language based upon the corroboration statute to the jury because it was superfluous. *See Abeita v. N. Rio Arriba Elec. Co-op.*, 1997-NMCA-097, ¶ 23, 124 N.M. 97, 946 P.2d 1108 ("[A]n unnecessary instruction does not necessarily create reversible error."). Thus, because the district court, in these circumstances, was obligated to answer the jury's question to clarify their confusion under *Juan*, we do not find that the district court erred by giving the nonuniform instruction to the jury, even if it was superfluous, as it was a correct statement of the corroboration statute.

### 3. The Nonuniform Jury Instruction Was Not Confusing

**{11}** Second, Defendant contends that the nonuniform instruction was confusing because it created a category of witnesses, "victims," all of whose testimony is "entitled to the same weight." Defendant argues that a juror would be confused as to how to determine and apply the weight of all victims' testimony when they have just the one victim before them. We are not persuaded that the nonuniform instruction directed the jury to apply the weight of *all* victims' testimony to A.S.'s testimony. Rather, the nonuniform instruction instructs the jury to weigh the testimony of *the victim* of the sexual offenses under their consideration just like the testimony of victims of any other crime. However, to the extent that there was any ambiguity in the nonuniform instruction, the other jury instructions proffered satisfactorily cured it.

**{12}** "[I]f a jury instruction is capable of more than one interpretation, then the court must next evaluate whether another part of the jury instructions satisfactorily cures the ambiguity." *State v. Parish*, 1994-NMSC-073, ¶ 4, 118 N.M. 39, 878 P.2d 988. Moreover, "[a] jury instruction standing by itself may appear defective." *Id.* Nevertheless, "when considered in the context of the other instructions given to the jury it may fairly and accurately state the applicable law." *Id.* (internal quotation marks and citation omitted).

**{13}** Here, in addition to the nonuniform instruction, the district court also instructed the jury that (1) Defendant was presumed innocent until the State proved his guilt to their satisfaction beyond a reasonable doubt; (2) they "alone [were] the judges of the credibility of the witnesses and the weight to be given to the testimony of each of them"; (3) it is their duty to determine the facts based on the evidence produced in court and their verdict must not be based on speculation, guess or conjecture, nor influenced by

sympathy or prejudice; and (4) they could not pick and choose but instead, "must consider these instructions as a whole." Thus, the jury was instructed that the State bore the burden of proof beyond a reasonable doubt and that they alone were the judges of the victim's credibility. To the extent that the nonuniform instruction could be interpreted as a direction to assess and apply the weight of any other victim's testimony to that of the victim in this case, we find that these additional instructions immediately clarified any confusion. *Cf. State v. Villanueva*, 2021-NMCA-016, ¶ 31, 488 P.3d 680 (finding that the jury was not confused because "[a]ny confusion created . . . was immediately clarified by the giving of a directly applicable definition").

### 4. The District Court Did Not Direct the Jury to "Accept What [A.S] Sa[id] at Face Value" by Giving the Jury the Nonuniform Jury Instruction

**{14}** Finally, Defendant argues that the nonuniform instruction was a direction to the jury "to accept what [A.S.] sa[id] at face value" and to convict Defendant. Therefore, Defendant submits, the nonuniform instruction constituted an improper comment on A.S.'s credibility. We disagree and explain.

**{15}** "Jury instructions are to be read and considered as a whole and when so considered they are proper if they fairly and accurately state the applicable law." *State v. Montoya*, 2015-NMSC-010, ¶ 25, 345 P.3d 1056 (alteration, internal quotation marks, and citation omitted). Here, in addition to the instructions mentioned above, the district court instructed the jury, as to the CSCM counts as follows:

> For you to find [D]efendant guilty of criminal sexual contact of a child under the age of thirteen (13) . . . the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. [D]efendant touched or applied force to the clothed vulva of [A.S.];
>
> 2. [A.S.] was a child under the age of thirteen (13);
>
> 3. This happened in New Mexico on or between June 1, 2016 and November 30, 2016.

This fairly and accurately states the applicable law for CSCM in the third degree. *See* UJI 14-925 NMRA (defining the essential elements of CSCM); NMSA 1978, § 30-9-13(C)(1) (defining CSCM in the third degree as consisting of "all criminal sexual contact of a minor perpetrated on a child under thirteen years of age"). Accordingly, the jury instructions as a whole, instead of directing the jury to convict, instruct the jury to convict only if the State proved to their satisfaction each element of the charge of CSCM beyond a reasonable doubt. *See State v. Martinez*, 2021-NMSC-012, ¶ 26, 483 P.3d 590 (holding that although the district court instructed the jury on the test articulated in case law and not the applicable rule, a reasonable juror would not have been confused

by the instructions because the jury was also instructed on the elements of the charged crimes).

**{16}** Viewed as a whole, the jury instructions did not constitute an improper comment on A.S.'s credibility. That the jurors were instructed on the elements they must find beyond a reasonable doubt, coupled with the instruction noted above that they alone could judge the credibility of A.S., belie that notion.

**{17}** Additionally, in support of our conclusion that the nonuniform instruction was not an improper comment on the credibility of A.S., we note that the jurors could not reach unanimity as to the charge of first degree criminal sexual penetration, and a mistrial was declared as to that charge. Had the jurors understood the nonuniform instruction to be a judicial endorsement on credibility or a direction to find Defendant guilty, they likely would have convicted Defendant on all three counts. Rather than comment on the victim's credibility, the district court, in response to the jury question, "Can we get a clarification on the law of New Mexico that we can treat the child's testimony as evidence?" provided the language of a New Mexico statute, complying with its duty to provide clarification to the jury. *See Juan*, 2010-NMSC-041, ¶ 16 (stating "when a jury requests clarification regarding the legal principles governing a case, the [district] court has a duty to respond promptly and completely to the jury's inquiry").

**{18}** We conclude that a reasonable juror would interpret the nonuniform instruction as a statement that the victim's testimony need not be corroborated and the victim's testimony should be accorded the same weight as any other victim of other crime. However, even if, as Defendant asserts, ambiguity did exist, that ambiguity was immediately clarified by the other jury instructions provided. The instructions as a whole provide a fair and accurate statement of the law such that a reasonable juror would not have been confused or misled by the nonuniform instruction. Therefore, we hold that the district court did not commit reversible error by giving the jury the nonuniform instruction.

**B.     The Use of the Word "Victim" in the Nonuniform Jury Instruction Did Not Amount to Fundamental Error**

**{19}** Defendant argues for the first time on appeal that, by using the word "victim" in the nonuniform instruction, the district court implicitly endorsed the prosecution's theory that a crime had occurred. Defendant contends this is so because Defendant's defense was that no crime in fact occurred, therefore there was no "victim." Defendant submits that it would have been more accurate to use the term "alleged victim."

**{20}** Defendant concedes that he "did not object on this specific ground" to the nonuniform instruction. Therefore, we review this claim for fundamental error. *See State v. Stevens*, 2014-NMSC-011, ¶ 42, 323 P.3d 901 ("We review an unpreserved challenge to a jury instruction for fundamental error.").

**{21}**     Fundamental error must be such error as goes to the foundation of a defendant's rights or case, or it must take from the defendant a right essential to his defense and which no court ought to permit him to waive. *State v. Cunningham*, 2000-NMSC-009, ¶ 13, 128 N.M. 711, 998 P.2d 176. Moreover, "[t]he doctrine of fundamental error is to be resorted to in criminal cases only for the protection of those whose innocence appears indisputably, or open to such question that it would shock the conscience to permit the conviction to stand." *Id.* (internal quotation marks and citation omitted). Finally, when reviewing a jury instruction for fundamental error, we must determine whether "a reasonable juror would have been confused or misdirected by the jury instruction." *Id.* ¶ 14 (internal quotation marks and citation omitted).

**{22}**     We find that a reasonable juror would not have been confused or misdirected by the use of the word "victim" in the nonuniform instruction. "[I]n a fundamental error analysis jury instructions should be considered as a whole." *Id.* ¶ 21. As discussed above, in addition to the nonuniform instruction, the district court instructed the jury that (1) Defendant was presumed innocent until the State proved his guilt to their satisfaction beyond a reasonable doubt; (2) they "alone [were] the judges of the credibility of the witnesses and the weight to be given to the testimony of each of them"; (3) it is their duty to determine the facts based on the evidence produced in court and their verdict must not be based on speculation, guess or conjecture, nor influenced by sympathy or prejudice; and (4) they could not pick and choose but instead, "must consider these instructions as a whole."

**{23}**     Although, the issue of whether A.S. was a victim was the foundation of Defendant's case, in light of the other instructions the jury was given, we do not believe a reasonable juror would have been confused or misdirected. *Cf. id.* ¶ 14 (holding that "[t]he issue of self-defense was at the foundation of the case but, because the jury was properly instructed on and decided the issue of self-defense, we do not believe that the omission from the elements section took from the defendant a right which was essential to his defense." (alteration, internal quotation marks, and citation omitted)). While it is true that it would have been more accurate to use the term "alleged victim" in the nonuniform instruction, in light of the other jury instructions the district court gave to the jury, it was made clear to the jury that Defendant was presumed innocent until his guilt was proven to their satisfaction beyond a reasonable doubt and that they were the judges of credibility of the witnesses. We, therefore, hold that the use of the word "victim" in the nonuniform instruction did not amount to fundamental error.

## II.     Defendant Has Not Made a Prima Facie Case for Ineffective Assistance of Counsel

**{24}**     Next, Defendant claims that he was denied effective assistance of counsel. Specifically, Defendant asserts that (1) his trial counsel did not call witnesses that he wanted called, and (2) counsel did not permit him to testify. "For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517 (internal quotation marks and citation omitted).

However, frequently the record is insufficient to establish the reasonableness of defense counsel's action or if they caused prejudice to the defendant. *Id.* Therefore, rather than remand the matter to the district court, "this Court prefers that these claims be brought under habeas corpus proceedings so that the defendant may actually develop the record with respect to defense counsel's actions." *Id.* Moreover, to merit remand, the defendant must show a prima facie case of ineffective assistance of counsel. *Id.* Absent a prima facie case, we presume counsel performed within the range of reasonable representation. *Id.*

**{25}** In this case, Defendant has failed to establish a prima facie case of ineffective assistance of counsel with either claim. Regarding his first claim, Defendant contends that his counsel did not call witnesses that he wanted called. However, we find no evidence of such in the record, and Defendant points to none. *State v. Bahney*, 2012-NMCA-039, ¶ 49, 274 P.3d 134 ("While we are willing to review matters of record for prima facie evidence of ineffective assistance of counsel, we will not afford the same benefit to arguments based on matters outside the trial record."). We also have no basis to determine, and Defendant does not argue, whether any prejudice resulted from the alleged failure to call Defendant's desired witnesses. *See State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494 ("The defendant has the burden to show both incompetence and prejudice."). As to Defendant's second claim, that counsel did not permit him to testify, we similarly find no evidence supporting this claim in the record, and Defendant points to none. Finally, we find no evidence of resulting prejudice in the record, and no argument as to prejudice is made.

**{26}** Because Defendant has not provided us with a developed record sufficient to review his claim of ineffective assistance of counsel, we hold that Defendant has not made a prima facie case that he received ineffective assistance of counsel. However, Defendant "is free to pursue habeas corpus proceedings where he may actually develop the record with respect to these issues." *Arrendondo*, 2012-NMSC-013, ¶ 44.

### III. There Is Sufficient Evidence to Support Defendant's Convictions

**{27}** On appeal, we review the sufficiency of the evidence supporting a conviction "from a highly deferential standpoint." *State v. Dowling*, 2011-NMSC-016, ¶ 20, 150 N.M. 110. Thus, the evidence is "viewed in the light most favorable to the [s]tate, resolving all conflicts and making all permissible inferences in favor of the jury's verdict." *Id.* Furthermore, where the "evidence is in conflict, or credibility is at issue, we accept any interpretation of the evidence that supports the [district] court's findings." *State v. Wynn*, 2001-NMCA-020, ¶ 5, 130 N.M. 381, 24 P.3d 816. This is because "we do not substitute our judgment for that of the fact[-]finder concerning the credibility of witnesses or the weight to be given their testimony." *State v. Nichols*, 2006-NMCA-017, ¶ 9, 139 N.M. 72, 128 P.3d 500 (internal quotation marks and citation omitted).

**{28}** Here, Defendant does not claim that the evidence did not support any specific element of the offense charged. Instead, he asserts generally that there was insufficient

evidence to support his conviction since the "conviction was based primarily on the testimony of a single witness, a minor making a delayed accusation."

**{29}** As to Defendant's argument that the conviction was based only on A.S.'s testimony, our Supreme Court addressed an analogous argument in *State v. Hunter*, where it stated,

> No claim is made that the evidence does not support . . . any specific required element of the offenses charged. Rather, [the d]efendant asserts a general absence of sufficient evidence to support the convictions since the testimony of the victims is uncorroborated and is inherently incredible. The uncorroborated testimony of the two victims was the basis for [the d]efendant's convictions on all three counts. However, in a prosecution for [CSP], the testimony of the victim need not be corroborated and the lack of corroboration has no bearing on the weight to be given the testimony.

1984-NMSC-017, ¶ 8, 101 N.M. 5, 677 P.2d 618; *see also Nichols*, 2006-NMCA-017, ¶¶ 5, 11 (holding that there was sufficient evidence where the defendant argued that "the only evidence, direct or circumstantial . . . was the directly controverted testimony of the alleged victim" (alteration and internal quotation marks omitted)).

**{30}** Defendant acknowledges, and we agree, that evidence of a single witness may support a guilty verdict. *See State v. Hunter*, 1933-NMSC-069, ¶ 6, 37 N.M. 382, 24 P.2d 251 ("[T]he testimony of a single witness may legally suffice as evidence upon which the jury may found a verdict of guilt."); *see* § 30-9-15. However, we note that here Defendant's convictions were supported by more than the testimony of a single witness.

**{31}** A.S. wrote two notes describing the incidents giving rise to Defendant's conviction. One of the notes, when translated, read "my dirty old man moves forwards and backwards. Sex with [unintelligible]." The other, "my grandpa kissed me on the mouth and on the throat but not on [unintelligible] altogether." Furthermore, Ms. Vasquez, with whom A.S. resided at the time, testified that when she became ill, Defendant watched A.S. between June and November 2016 (the time period in question). Ms. Vasquez stated that during this period, A.S.'s grades dropped, she began fighting at school, and she started complaining that her head hurt. These were all new behaviors for her.

**{32}** Moreover, during a forensic interview, A.S. drew and wrote words describing the occurrences with Defendant. A.S. wrote "sex," "wini," "but," "underware and brall," and "black ogly, super ogly hairs." To explain what she meant by the terms, "wini" and "but" the forensic interviewer asked A.S. to circle those parts on anatomical diagrams of a naked boy and girl. A.S. circled the penis for "wini" and both the vagina and buttocks for "but." Additionally, A.S. described a tattoo on Defendant's leg and drew a picture of it. Finally, she drew a diagram of Defendant's bedroom. Ms. Vasquez's testimony and A.S.'s corroboration of specific details adds to the sufficiency of the evidence supporting Defendant's conviction.

**{33}** As to the second part of Defendant's argument, that A.S.'s testimony was not credible because she was a minor making a delayed accusation, testimony was presented at trial that delayed disclosure occurs when someone who experienced abuse or violence does not immediately report it. Additional testimony established that delayed disclosure is common in children, coming anywhere "from a few months, a few days even, to a couple of years" after the reported incident.

**{34}** Finally, A.S. testified to matters about which the jury could deduce a young child should not know, save for experience. A.S. testified that (1) Defendant was unable to penetrate her vagina until he applied baby oil to his penis; (2) she felt pain during penetration; (3) there was a burning sensation during post-penetration urination; (4) Defendant's penis was "more harder than soft"; and (5) Defendant moved up and down while on top of her. Lastly, as noted above, A.S.'s writings described pubic hair. Thus, although A.S. is a minor making a delayed accusation, her testimony was not inherently incredible and was sufficient alone and in combination with the other evidence presented to the jury to support Defendant's convictions.

**{35}** It was the province of the jury as fact-finder to decide whether to believe A.S. and the evidence presented. *See Nichols*, 2006-NMCA-017, ¶¶ 10-11; *see also Hunter*, 1984-NMSC-017, ¶ 12 ("The jury simply believed the victims' testimony and the evidence supporting it over [the d]efendant's assertions that the incidents had not occurred."). This Court will not substitute its determination for that of the jury. We thus conclude that there was sufficient evidence to support Defendant's convictions.

**CONCLUSION**

**{36}** For the reasons stated above, we conclude that (1) the district court did not err in giving the nonuniform instruction; (2) Defendant has not made a prima facie case of ineffective assistance of counsel; and (3) sufficient evidence supports Defendant's convictions. Therefore, we affirm the district court.

**{37}    IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**