This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41571**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**STEVEN GABRIEL MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**    Defendant has appealed his convictions for criminal sexual contact of a minor (CSCM) and criminal sexual penetration of a minor (CSPM). We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded by the assertions of error. We therefore deny the motion, and affirm.

**{2}**     The relevant background information and principles have previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}**     Defendant continues to challenge the sufficiency of the evidence to support his convictions. [MIO 6-8] However, as we previously observed, [CN 2-4] the victim's testimony that Defendant compelled him to touch Defendant's penis and forced him to engage in fellatio on multiple occasions while Defendant was babysitting him amply supports Defendant's convictions for CSCM and CSPM. *See, e.g.*, *State v. Miera*, 2018-NMCA-020, ¶¶ 2, 49, 413 P.3d 491 (holding that the testimony of the victim, who was eight years old at the time, that the defendant had caused her to engage in fellatio while the defendant was babysitting, was sufficient to support a conviction for CSPM); *State v. Trujillo*, 2012-NMCA-092, ¶¶ 2, 5-6, 287 P.3d 344 (upholding sufficiency of the evidence to support conviction for CSCM based upon the ten-year-old victim's testimony that the defendant caused the victim to touch the defendant's penis). *See generally State v. Samora*, 2016-NMSC-031, ¶ 35, 387 P.3d 230 (upholding the sufficiency of the evidence to support a conviction for CSPM where the "victim's testimony was by itself enough to establish every element" of the offense); *State v. Ervin*, 2008-NMCA-016, ¶ 36, 143 N.M. 493, 177 P.3d 1067 (observing, in relation to a conviction for CSPM, that the "[c]hild's testimony did not need to be supported in any way by any other evidence"). Although Defendant previously suggested that the evidence should be deemed insufficient in light of the victim's tender age, the passage of time, the absence of additional eyewitness corroboration, and/or the lack of expert testimony, [Unnumbered DS 2] none of these considerations render the evidence insubstantial. *See State v. Hunter*, 1984-NMSC-017, ¶ 8, 101 N.M. 5, 677 P.2d 618 (upholding convictions based upon the testimony of the victims, one of whom was as young as nine years old at the time of the first offenses and eighteen years old at the time of trial; and observing, "the testimony of the victim need not be corroborated and the lack of corroboration has no bearing on the weight to be given the testimony").

**{4}**     In his memorandum in opposition Defendant now contends that the sufficiency of the evidence is in doubt because the record and the docketing statement do not describe the victim's testimony with sufficient clarity. [MIO 4]  However, we fail to see how the summary of the evidence supplied by the docketing statement, together with the information supplied by the record, is insufficient. As previously described, [CN 2-4] although the summary of the testimony is not detailed, it clearly establishes that sufficient evidence was presented to establish all of the elements of the offenses at issue. This, in turn, satisfies the applicable standard of review. *See generally State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891 ("The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . [we do] not weigh the evidence or substitute [our] judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict." (alteration, internal quotation marks, and citations omitted)). We therefore reject Defendant's contention that reassignment to the general calendar for more intensive review is required. *See generally Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M.

251, 968 P.2d 341 (explaining, if this Court can obtain sufficient information from the record proper and the docketing statement to enable us to resolve the issues, summary disposition is appropriate).

**{5}**     Finally, we turn to the motion to amend, by which Defendant seeks to advance a double jeopardy challenge. [MIO 8-12] "The constitutional prohibition against double jeopardy protects against . . . multiple punishments for the same offense." *State v. Mora*, 2003-NMCA-072, ¶ 17, 133 N.M. 746, 69 P.3d 256 (internal quotation marks and citation omitted). "Our analysis of this issue turns on two questions: (1) was [the d]efendant's conduct unitary; and (2) if so, did the [L]egislature intend to impose multiple punishments for such unitary conduct." *Id.* "With regard to the first prong of the test, we will find that conduct is not unitary when the illegal acts are separated by sufficient indicia of distinctness . . . [such as] the separation of time or physical distance between the illegal acts, the quality and nature of the individual acts, and the objectives and results of each act." *Id.* ¶ 18 (internal quotation marks and citations omitted).

**{6}**     As previously described, in this case the summarized testimony reflects that Defendant's convictions are premised on distinct conduct: the CSCM is premised upon Defendant's act(s) compelling the victim to touch his penis, and the CSPM is premised upon Defendant's act(s) compelling the victim to perform fellatio. These distinct acts support separate convictions. *See, e.g.*, *Miera*, 2018-NMCA-020, ¶¶ 2, 49 (holding that the testimony of the victim that the defendant had caused her to touch his penis and to engage in fellatio while the defendant was babysitting, was sufficient to support a convictions for CSCM and CSPM).

**{7}**     Defendant suggests that insofar as fellatio necessarily entails touching, the convictions might conceivably have been premised on unitary conduct. [MIO 10-11] We are disinclined to indulge that remote speculation.  *See, e.g.*, *State v. Sanchez*, 1996-NMCA-089, ¶¶ 10-11, 122 N.M. 280, 923 P.2d 1165 (refusing to "engage in conjecture" when the defendant raised a double jeopardy claim without adequately establishing that convictions at issue were premised upon unitary conduct). In any event, the victim's testimony that Defendant compelled him to engage in the specified acts on multiple occasions supplies an adequate alternative basis for the two convictions, without violating double jeopardy. *See, e.g.*, *State v. Lente*, 2019-NMSC-020, ¶ 84, 453 P.3d 416 (holding that double jeopardy was not violated where the testimony was sufficient to establish that both CSPM and CSCM occurred on multiple occasions); c*f. State v. McClendon*, 2001-NMSC-023, ¶¶ 4-8, 130 N.M. 551, 28 P.3d 1092 (holding that testimony describing two distinct acts of fellatio supplied an appropriate basis for two convictions, without violating double jeopardy).

**{8}**     In view of the foregoing, we conclude that the issue Defendant seeks to raise is not viable. We therefore deny the motion. *See, e.g.*, *State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (illustrating).

**{9}**     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{10}** IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**GERALD E. BACA, Judge**